THOMAS, Respondent, *vs.* MEIER, Appellant.

1. A certificate of acknowledgment of a married woman, which states that "she acknowledged and declared that she was well acquainted with the contents of the deed," is sufficient, although it does not state that the contents were made known to her by the officer.
2. A certificate which states that "she acknowledged that she executed the deed freely," but omits to state that she "relinquished her dower," is insufficient to pass dower.

*Appeal from St. Louis Circuit Court.*

This was a petition filed by Margaret Thomas, for dower in certain land, of which her husband, in his life-time and during, the marriage, had been seized. The defendant held under a conveyance executed by Martin Thomas, and his wife, the plaintiff, on the 14th of December, 1830, and acknowledged on the 28th of the same month. The certificate of acknowledgment was as follows :

State of Missouri, } ss.
County of St. Louis, }

Be it remembered that, on this 28th day of December A. D. 1830, personally appeared before me, the clerk of the Circuit Court for the county of St. Louis, the within named Martin Thomas and Margaret Thomas, his wife, both personally well-known to me as the persons executing the within deed, and severally acknowledged the same to be their acts and deed, hands and seals, for the purpose therein mentioned : And the said Margaret, wife of the said Martin Thomas, being by me examined separately and apart from her husband, whether she

37—VOL. XVIII.

executed said deed freely and voluntarily, and without the compulsion or undue influence of her said husband, acknowledged and declared that she is well acquainted with the contents of said deed, and that she executed the same freely and voluntarily, and without the compulsion or undue influence of her said husband.

Given under my hand and seal of office, at St. Louis, the day and date above written.

[L. S.]

ARCHIBALD GAMBLE, Clerk.

On the trial, the defendant offered to prove by Archibald Gamble, that, according to his recollection and belief, the plaintiff relinquished her dower, when she came before him to acknowledge the deed, and that the certificate was in the form adopted by him where dower was intended to be conveyed. This evidence was excluded, and the court held that the deed was no bar to the plaintiff's claim. The defendant appealed.

*T. Polk*, for appellant. By the 11th section of the act of 1825, concerning conveyances, a married woman may release her dower by joining with her husband in a deed, and appearing and acknowledging the same before the proper officer. By these acts, the release of dower is consummated. The further provisions merely point out the duties of the officer. No certificate therefore is necessary to make the deed effectual to pass dower. It may be said that the latter part of the 11th section makes the certificate necessary. To this it may be replied that, if it makes any thing further necessary, it is the *recording* of the deed and certificate; but it would hardly be claimed that such recording is necessary to bar the plaintiff of her dower. This view is confirmed by the act concerning dower, (R. C. 1825,) where it is said that the wife cannot have dower in lands, to which she may have relinquished her right of dower by deed duly *executed* and *acknowledged ;* it does not say *certified* or *recorded.* The act of 1835, §21, first made it necessary that the deed should be *certified*, as well as acknowledged. If, then, it is true in this case, as it is, that the wife joined her husband in the deed, and then appeared with him before

the clerk of the Circuit Court and acknowledged it, her dower is barred. Admitting, however, that a certificate is necessary, the one in the present case is sufficient. The first defect pointed out is, that it does not allege, in so many words, that the officer " acquainted the wife with the contents of the deed." Now the object of this provision of the statute was, to prevent the wife from being imposed upon—to prevent her from executing the deed without *knowing* its object and effect. How she *derived* this knowledge was a matter of no consequence. It would be useless for the officer to make her acqainted when she was already acquainted, and, besides, it would be impossible, for, when a person once knows a fact, he cannot afterwards be made acquainted with it. Again, suppose the officer attempts to make the wife acquainted, how can he know that he is successful except from the wife herself. If he attempts to explain it to her, he can only know from her whether she understands it or not ; so that it comes back to her own acknowledgment at last, and this we have here. On this point, the following authorities are cited : 5 Binney, 296. 6 Binney, 435. 6 Blackf. 475. 3 Dana, 111. 8 B. Monroe, 180. 5 ib. 481. 4 Leigh (Va.) 224. 1 Iredell, (N. C.) 313. 13 Ohio, 116. 8 Ala. Rep. 357. 6 Wright (Ohio) 208. 3 Ohio Rep. 152. 16 Ohio, 599. Ib. 639. The next objection to this certificate is, that it does not state that the wife relinquished her dower in the property mentioned in the deed. Now, the statute does not require that the *certificate* of the officer shall state that the wife relinquished her dower, although it does require that she shall so state to the officer. The words " *as aforesaid*," at the end of the clause prescribing what the certificate shall state, are confined to the verb " acknowledged" which they immediately follow, and do not apply to the verb " examined," from which they are separated by a comma. But if they did thus apply, they only indicate the *manner* of the examination, and not the subject matter of it. The manner of examining the wife is, " separate and apart from her husband." The acknowledgment of the execution of the deed,.

and the relinquishment of dower are two distinct acts, as the clause to which the words "*as aforesaid*" refer shows. If it had been intended that the certificate should state that the wife relinquished her dower, it would have been so stated, as is done in the acts of 1835 and 1845. Upon the second objection to this certificate, the following authorities are cited : 6 Blackf. 475. 16 Ohio, 191. *Alexander* v. *Merry*, 9 Mo. Rep. 13 Smedes & M. 373. 1 Strobhart, (S. C.) 552. 3 McLean, 245. 4 Halst. 225.

*B. B. Dayton*, for respondent. The plaintiff's dower was not barred by her acknowledgment of the deed. We are to look to the certificate alone to ascertain what was done and said, and parol evidence is not admissible to vary its effect. ( 9 Serg. & Raw. 268. 1 Peters, 328. 3 Harris & McHenry, 321. 3 Conn. 406. 5 J. J. Marsh. 135. 6 ib. 532. 12 Ohio, 364. Jefferson's Rep. 62. 3 Wheat. 457. 6 Hammond, 353.) The certificate is defective, in not stating that the officer made the wife acquainted with the contents of the deed. The provision of the statute was framed, partially at least, in reference to the possibility of a husband attempting to deceive his wife as to the contents of a deed. It might convey one piece of property, and he might tell her that it conveyed another, and she might believe his representation, and say to the officer that she knew its contents. To guard against this, the officer was required to make her acquainted with the contents. (1 Binney, 470. 4 Serg. & Raw. 272. 6 Serg & Raw. 49. Ib. 143. 9 ib. 268. 14 ib. 84. 15 ib. 84. 1 Mich. 380. 2 Cushing, 264.) The certificate is also fatally defective in being entirely silent upon the whole subject of dower. R. C. 1825, p. 219, §11. The examination and acknowledgment in respect to dower, are essential to be done, and it would be strange if no evidence of their having been done is required. The certificate in this case would be strictly true, if Mrs. Thomas had said to the officer that she did *not* relinquish her dower at all, or that she relinquished it under compulsion of her husband. The words " acknowledged such deed *as afore-*

*said,*" at the end of the clause prescribing what the certificate shall state, are not satisfied by the statement that she acknowledged that she *executed* the deed, but mean and require something more. She could only "acknowledge such deed as aforesaid" by acknowledging both that she executed it *and* relinquished her dower, &c., freely, &c.

GAMBLE, Judge, delivered the opinion of the court.

The act concerning dower, in the revised code of 1825, provides that "every widow of every person who shall hereafter die, shall be endowed in the real estate lying and being in this state, whereof her husband or any other person to his use was seized of an estate of inheritance, in law or equity, during the coverture, to which she shall not have relinquished her right of dower by deed, duly executed and acknowledged in the manner which is or may be prescribed by law." The acts upon the same subject in the codes of 1835 and 1845, use this language : "Every widow shall be endowed of the third part of all the lands whereof the husband or any other person to his use was seized of an estate of inheritance, at any time during the marriage, to which she shall not have relinquished her right of dower in the manner prescribed by law, to hold and enjoy during her natural life."

The conveyance from the plaintiff and her husband, on which this controversy arises, was executed and acknowledged in December, 1830. The act concerning conveyances, in the code of 1825, in the 11th section, provides : "that it shall and may be lawful for any married woman to release her right of dower in any lands and tenements whereof her husband may be seized by any legal or equitable title during coverture, by joining such husband in the deed or conveyance, for the conveyance of such lands and tenements, and appearing and acknowledging the same before," &c. The court or officer being satisfied of the identity of the woman, is required "to acquaint such woman with the contents of the deed or conveyance, and shall

examine her separate and apart from her husband, whether she executed the same and relinquishes her dower to the lands and tenements therein mentioned, voluntarily, freely and without compulsion or undue influence of her said husband ; and if she acknowledges that she executed the same and relinquishes her dower in the lands, &c., therein mentioned, voluntarily and freely, without compulsion or undue influence of her husband, such court or officer shall grant a certificate, to be endorsed or annexed to such deed, stating that such woman is personally known, &c., and that she was made acquainted with the contents of the deed, and was examined, and acknowledged such deed as aforesaid.'' The certificate of acknowledgment on the deed, in the present case, states that Thomas and his wife (the present plaintiff) were well known to the officer, &c., and acknowledged the instrument to be their act, and each of their acts and deed, hands and seals, for the purposes therein mentioned ; '' and the said Margaret Thomas being by me examined separately and apart from her said husband, whether she executed the said deed freely and voluntarily, and without compulsion or undue influence of her said husband, acknowledged and declared that she is well acquainted with the contents of said deed, and that she executed the same freely, and voluntarily, and without the compulsion or undue influence of her said husband.''

1. Two objections are taken to this acknowledgment : 1. That it does not appear that the officer acquainted the woman (the plaintiff) with the contents of the deed. 2. That the certificate does not show that she relinquished her dower in the premises. The first objection will not be considered in this case, but will be dismissed with the remark that, when a married woman, on examination apart from her husband, declares that she is well acquainted with the contents of the deed, the case ought to be considered as entirely unlike one in which the certificate is silent about her acquaintance with the contents of the deed. The certificate should receive the most liberal construction in favor of supporting the conveyance.

2. The second objection is one which, in my judgment, is well taken. The act requires that, upon the privy examination, the officer taking the acknowledgment shall examine her "whether she executed the deed and relinquishes her dower freely," &c., and next it provides that if she acknowleges that she executed the same and *relinquishes her dower* in the lands, &c., the court or officer shall grant a certificate stating that the woman was *examined and acknowledged such deed as aforesaid.*"

The certificate is to contain the examination and acknowledgment required in the previous part of the section. The examination embraces the points of her execution of the deed, which is a past fact, and whether she relinquishes her dower, which is then about to take place. This is the examination to be stated. The acknowledgment is to be made by the woman on the points upon which she has been examined. If she acknowledges that she executed the deed and relinquishes her dower freely, &c., the certificate is to be given, which is to state the acknowledgment aforesaid. It seems very plainly to be the meaning of the act, that the examination and the acknowledgment both comprehend the question, whether she relinquishes her dower; and that the certificate which is to state the examination and acknowledgment *as aforesaid*, should state that she was examined as to the question whether she relinquishes her dower, and that she acknowledges that she relinquishes her dower. In an opinion which I prepared in the case of *Chauvin* v. *Wagner*, this question was examined and as fully discussed as was thought necessary, as an illustration of the point involved in that case. In my opinion, the judgment of the Circuit Court should be affirmed.

RYLAND, Judge. I concur in the affirmance of this judgment.

SCOTT, Judge, dissents, and refers to his opinion in the case of *Chauvin* v. *Wagner*, ante, 531.