## BELO v. MAYES *et al., Appellants.*

1. A **Certificate** of acknowledgment by a married woman of a deed, made in the year 1876, recited that she acknowledged, on an examination apart from her husband, that she executed the same freely, etc. *Held,* that it was not defective because it omitted to recite that the examination was "separate" as well as "apart" from her husband.

2. A **Certificate** of acknowledgment by a married woman of a deed, made in substantial conformity with statutory requirement, is only *prima facie* evidence of the facts recited in it; and parol evidence is admissible to show the contrary.

3. A **Privy Explanation** of the contents of a deed by the officer to a married woman acknowledging the same, is not required by the statute. *Wannell v. Kem,* 57 Mo. 480, criticised.

4. **The Examination of the Wife** separate and apart from the husband, required by the statute, means an examination out of the presence of the husband, so that he cannot communicate by word, look or motion.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Samuel P. Sparks* for appellants.

*S. P. White* for respondent.

MARTIN, C.—This was an action of ejectment in the ordinary form, for thirty acres of land. Elizabeth J. Hickman, one of the defendants, was owner in fee simple, and was the wife of G. W. Cruger. On the 1st day of April, 1876, she joined with her husband.in the execution of a deed of trust of that date to secure a debt of $1,200, due to E. Belo, the plaintiff herein. The deed was foreclosed by sale conducted by the trustee, and Belo became the purchaser on the 12th day of June, 1879, and received therefor the deed of the trustee. In the meantime Mrs. Cruger was divorced from her husband on the 10th day of February, 1879, and remitted to her maiden name by which she is sued. She is in possession of the land along with Mayes, who holds under her. The plaintiff sues them for it on the strength of the title acquired by him through the deed of trust. The defendants resisted the action on the ground that the deed of trust was not properly certified and that Mrs. Cruger, now Mrs. Hickman, was not examined by the notary separate and apart from her husband.

The court admitted the deed in evidence to the jury. On the question of the examination of Mrs. Cruger, evidence was submitted by both sides. The evidence of the notary tended to show that he had made her acquainted with the contents of the instrument, and that, after they had both signed it, Mr. Cruger, upon his request, stepped out of the room, and that while he was out, Mrs. Cruger was examined and acknowledged that she executed it without undue influence or compulsion of her husband, according

to the requirements of law. On the part of defendants, evidence was given to prove that her husband did not go out of the room, but stepped to the north door and remained there while the notary examined his wife; and that he could be seen and was seen by his wife while standing there.

At the conclusion of the evidence the court gave the following instruction at the instance of the plaintiff:

The certificate of acknowledgment by the notary public of the deed is presumed to be correct, and unless the defendants have shown by clear and conclusive proofs that the certificate is false, you must find for plaintiff.

The following instructions asked by defendants, were refused:

1.  If the jury should believe from the evidence that the defendant, Elizabeth J. Hickman, was not examined separate and apart from her husband when the deed of trust of herself and husband to Lee W. Jack, trustee for E. Belo, conveying the land in controversy, was acknowledged by her, then they must find for defendant. By an examination separate and apart is meant an examination out of the presence of her husband.

2.  Although the jury may believe from the evidence that the officer who certified the acknowledgment of the said defendant Hickman to the said deed of trust in evidence, examined her separate and apart from her husband, and that she acknowledged on such examination that she executed the same freely and without compulsion or undue influence of her husband, yet, if they further find that said officer, at the time of such examination separate and apart from her husband, did not explain to her the contents and purposes of said deed of trust, then the jury must find for defendant.

The court, of its own motion, gave the following instruction:

If the jury believe from the evidence that the defendant, Elizabeth J. Hickman, was not examined separate and

apart from her husband when the deed of trust of herself
and husband to Lee W. Jack, trustee for E. Belo, convey-
ing the land in controversy, was acknowledged by her, then
they must find for defendant. By an examination separate
and apart is meant an examination out of the control or
influence of her husband.

The jury returned a verdict in favor of plaintiff upon
which judgment was entered, and the defendants appeal.

The certificate attached to the deed of trust is in the
following language: " Be it remembered, that George W.
Cruger and Elizabeth Cruger, his wife, who are personally
known to the undersigned, a notary public within and for
said county, to be the persons whose names are subscribed
to the foregoing deed as parties thereto, this day appeared
before me and acknowledged that they executed and deliv-
ered the same as their voluntary act and deed for the uses
and purposes therein contained, and the said Elizabeth J.
Cruger being by me made acquainted with the contents of
said deed acknowledged on examination separate and apart
from her husband, that she executed the same freely and
without fear, compulsion or undue influence of her said
husband."

This certificate complies with the requirements of the
statute. The objection that it does not recite that the ex-
1. A CERTIFICATE.      amination of the wife was " separate " as
well as " apart " from her husband, has no force. Redun-
dancy and repetition occur in statutes as well as elsewhere.
The words mean substantially the same thing. I do not
perceive how an examination could be " apart " from her
husband without being " separate " from him. The deed
was properly admitted. I may add here that the 13th sec-
tion of the statute which directs what must be done by the
party making the acknowledgment and by the officer tak-
ing it, employs the word " apart " and omits the word "sep-
arate." Wag. Stat. 1872, p. 275, § 13.

In regard to the evidence introduced to impeach and
avoid the acknowledgment, I have to say that under the

2. ——.                    decisions of this State, the certificate, when
in substantial conformity with the statute, is only *prima
facie* evidence of the facts recited in it; and that parol evi-
dence is admissible to show that the examination and ac-
knowledgment required by law never took place    *Wannell
v. Kem*, 57 Mo. 480 ; *Steffen v. Bauer*, 70 Mo. 399 ; *Sharpe
v. McPike*, 63 Mo. 300 ; *Clark v. Edwards*, 75 Mo. 87.

It is claimed by counsel for defendants that the statute ·
requires a privy explanation of the contents of the instru-
ment to the acknowledging party, as well
as a privy examination of her as to the in-
fluence and compulsion of her husband.   I am unable to
agree with the counsel on this point.   The statute contem-
plates that the husband and wife may be together when
they sign the instrument.   It is only by their joining in
this act the conveyance is effected, after a proper acknowl-
edgment is added.   It is only after the deed has been signed
by both parties that the privy examination as to undue in-
fluence is authorized to be taken.   An understanding of
the contents is the natural and usual accompaniment of the
act of signing.   If this signing, as in the present case, takes
place before the notary, and just before or at the time
thereof he makes her acquainted with the contents of the
instrument with a view to its execution, there would seem
to be no good reason for repeating this on the privy exam-
ination as to undue influence and compulsion.   The privy
examination provided for in the statute refers to the eman-
cipation of her from undue influence, and is not used in
connection with the act of making her acquainted with
the contents of the instrument.   It is difficult to perceive
how the presence of the husband could interfere with the
act of the notary in making her acquainted with its con-
tents.   But, however, that may be, an interpretation re-
quiring a "privy explanation" as well as a " privy exami-
nation " about undue influence, is clearly objectionable, as
adding a requirement which cannot be found in the statute
from any fair intendment of the language there used.   In-

3. A PRIVY EXPLA-
NATION.

deed the objection to the sufficiency of the parol evidence, because it fails to show a " privy explanation," might be urged with equal force against any certificate in due form of law which also omits this requirement.

It is claimed that the case of *Wannell v. Kem* requires a " privy explanation " as well as a " privy examination." The principal question determined in that case related to the propriety of allowing the certificate to be impeached at all by evidence *aliunde.* And it has always been recognized as a leading authority on that point. The minor point about "privy explanation" touched upon by the learned judge, evidently did not receive the consideration due to its importance. If the decision is to be held as going the length claimed of it, I consider it my duty to decline following it that far. Such an extraordinary interpretation of the statute is out of line with the reasoning in *Chauvin v. Wagner*, 18 Mo. 531, on the subject of the notary's duty in explaining the contents of instruments to be acknowledged by married women. A judicial recognition of it would, in my opinion, unsettle half the titles in the State. The policy of our present law which requires no privy explanation at all, is by no means a favorable commentary on the old law and our experience under it.

In accordance with these views I will add that the first instruction asked by defendant, and refused by the court, ought to have been given. The second one asked was properly refused as requiring a privy explanation. The instruction given by the court, of its own motion, was erroneous.

An examination separate and apart means an examination out of the presence of the husband; so that he 4. THE EXAMINATION cannot communicate by word or look or OF THE WIFE. motion. The instruction is subject to the interpretation that the examination is sufficient if it was out of the actual control and influence of the husband, although as a matter of fact he may have been present so that he could have communicated by word or look if he

had chosen to do so. The instruction given at the instance of plaintiff is erroneous. The term " conclusive" ought not to have been used.

Judgment is reversed and remanded. All the commissioners concur.

NORTON, J., concurred in the result.