WEBB, *Appellant*, v. WEBB.

1. **Deed, Acknowledgment of:** EVIDENCE. A certificate of acknowledgment to a deed signed by the proper officer, and attested

by his seal of office, is *prima facie* true, and the evidence to over-throw it must be clear and satisfactory.

2. ——: PRIVY EXPLANATION. It is not required that the contents of a deed should be explained to a married woman, separate and apart from her husband, by the officer taking her acknowledgment of the same. Affirming *Belo v. Mayes,* 79 Mo. 67.

3. Practice. The Supreme Court will not weigh the evidence in an action at law.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

The court made the following declarations of law at the instance and request of defendant:

"1. That the certificate of acknowledgment attached to the deed of James Webb and wife to Asa Webb, signed by the notary public and attested by his seal of office, is *prima facie* true, and before it can be overthrown the court must find, from the evidence, that it is not true, and to sustain such finding, the evidence must be clear and satisfactory to the mind of the court."

"2. If the court find, from the evidence, that at the time of the signing of the deed, or immediately after, by Mrs. Webb, she was examined by the notary, and the deed explained to her out of the presence of her husband, then the certificate of acknowledgment is valid and plaintiff is debarred of dower. And if the court, sitting as a jury, find that plaintiff was on the porch outside the room in which her husband was lying down with his head towards her when she was examined by the notary, then she was separated from her husband, as required by law, and the verdict must be for defendant."

*Gates & Wallace* and *John A. Sea* for appellant.

Unless the officer complied with all the requirements of the statute (R. S., sec. 670) in taking the acknowledg-

ment, the deed was void as to Mrs. Webb. *Wannell v. Kem*, 57 Mo. 478. The statute in force at the time required an examination of the wife apart from the husband, the explanation to her, by the officer, of the contents of the deed, the acknowledgment by her that she executed it freely, voluntarily, and without compulsion of her husband (R. S., sec. 680), and the signing of the deed before any acknowledgment thereof was made. And the husband must be so far removed as not to be able to see or hear what is going on. *McCandless v. Engle*, 51 Pa. St. 309 ; *Belo v. Mayes*, 79 Mo. 72 ; *Drury v. Craig*, 5 Wall. 795. While the certificate of acknowledgment to the deed of James Webb and wife, offered in evidence in this cause by defendant, states that all of the foregoing requisites were complied with, it has long been settled that such certificate is only *prima facie* evidence of the facts recited in it. *Wannell v. Kem*, 57 Mo. 480 ; *Sharpe v. McPike*, 62 Mo. 200 ; *Steffen v. Bauer*, 70 Mo. 399 ; *Clarke v. Edwards*, 75 Mo. 87. The evidence on the part of the plaintiff is clear that such was not the case.

*A. Comingo* for respondent.

(1) The facts, as found by the court, warrant the judgment rendered in the cause, and that this court will not disturb that fin ling ; but that in equity, as well as at law, it will be accepted by this court, as conclusive, on the same principle and for the same reason that it so regards and treats such findings by juries. *Hamilton v. Boggess*, 63 Mo. 251 ; *Gimbel v. Pignero*, 62 *Ib*. 240 ; *Smith v. Crews*, 2 Mo. App. 269 ; *Hendricks v. Woods*, 79 Mo. 599 ; *Royle et al. v. Jones*, 78 *Ib*. 403 ; *Snyder v. Burnham*, 77 *Ib*. 52 ; *Hodges v. Black*, 76 *Ib*. 537. In *Steffen v. Bauer*, 70 Mo., at page 401, this court declares that it is not necessary to a compliance with the law that the husband should be in a different room, if the circum-

stances show an absence of all power to communicate with each other. (2) It was not necessary for the notary to make known or explain the contents of the deed in the absence, or separate and apart from the husband. R. S. 1879, sec. 681, p. 112; *Belo v. Mayes*, 79 Mo. 71, overruling *Wannell v. Kem*, 57 Mo. 480. The language of the statute is plain, and its meaning unmistakable. (3) The first instruction, given at the instance of defendant, is unquestionable law, and the second is equally un-objectionable.

SHERWOOD, J.—Action for dower by widow. The question presented by the record is the usual one, whether the acknowledgment by Mrs. Webb was taken as required by law. The declarations of law are unexceptionable, at least so far as plaintiff is concerned; for the second declaration of law, following the rule laid down in *Wannell v. Kem*, 57 Mo. 480, since denied in *Belo v. Mayes*, 79 Mo. 67, required that the deed should have been explained to the then wife out of the presence of her husband. Counsel for plaintiff make no objection to either declaration of law, and the first is correct in every point of view. The court made a finding of facts, and then found for defendant, and as the declarations of law, with the exception above noted and that favoring plaintiff, are correct, and this is a law case, and the evidence will not be weighed, we affirm the judgment. All concur, except Black, J., who will file a separate opinion.

BLACK, J., DISSENTING.—The record shows that two declarations of law were asked by the defendant to which plaintiff excepted, but it does not show that they were given, and for this reason they should be disregarded. The second, upon which the majority opinion is based, if given, should have been refused, for there is not a particle of evidence tending to show a privy explanation of the contents of the deed to Mrs. Webb. But it is imma-

terial here whether this instruction was given or not, for the court made a special finding of facts, and gave that as an instruction, from which it appears too plain for doubt that there was no such separate explanation of the contents of the deed. The court, therefore, could not have decided the case on the theory that such privy explanation was required by law.

The record, however, presents a question of a more serious character. It is this: Was there a separate examination? It is not in terms found that there was a separate examination of the wife. In lieu of that, the facts found are, that Mr. Webb was lying on the floor of a small house of one room, fourteen feet square; that Mrs. Webb went to an outside kitchen to get a drink for the notary, and on her return, and as she was about to step into the door, the notary met her at the open doorway, and made the examination while she was about to step into the house. The witnesses appear to agree that Webb was lying with his head towards the door, facing the opposite direction, but this is not found as a fact, nor is it found that the husband and wife did not, or could not, communicate with each other. The acknowledgment of the wife must be apart from the husband. This was the law when this deed was executed. They need not be in separate apartments, nor be so situated as to be wholly unable to see each other, but they should be so situated at the time as not to be able to communicate by word or motion. *Belo v. Mayes*, 79 Mo. 71; *Steffen v. Bauer*, 70 Mo. 401. While there is evidence upon which the court might find a separate examination, still, in view of the close proximity of the parties, I think the judgment should be reversed and the cause remanded, to the end that the finding or instructions given may be more specific on this question.