| 95 | 603 |
| 103 | 544 |
| 104 | 555 |
| 95 | 609 |
| 114 | 477 |
| 95 | 603 |
| 147 | 630 |
| 95 | 603 |
| 165 | 658 |

Mays, *Appellant*, v. Pryce *et al.*

1. Conveyance of Land: WIFE'S ACKNOWLEDGMENT. The certificate of acknowledgment of a married woman to a deed conveying her land is only *prima-facie* evidence of the facts therein stated.

2. ———: ———: EVIDENCE. The officer taking the acknowledgment is a competent witness either to support or impeach such certificate.

3. Practice: CHANGING ISSUES. Where parties have made up their issues by their pleadings and gone to trial, and introduced evidence thereon, they can be changed only by amending the pleadings on terms.

4. Married Woman's Deed: ACKNOWLEDGMENT. The finding of the court in this case, that a married woman's deed did not pass her title to the land because her acknowledgment was not taken in conformity with the law, held supported by the evidence.

5. ——: ——: DECREE. Where in an answer in ejectment a married woman claims that her title never passed because her acknowledgment was not taken in conformity to the law, and the case is tried on that issue which the court finds for her, the decree should be confined to setting aside the defectively acknowledged deed and those made under it. It is error to divest all title out of plaintiff and to vest it in defendant.

*Appeal from Lewis Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*Blair & Marchand* for appellant.

(1) The court improperly allowed witness Robert M. Wallace to testify against the facts to which he certified as notary public in his certificate of acknowledgment of the defendant Susan to the deed of trust given by defendants to Joseph J. Benson to secure the indebtedness of said Thomas Pryce to plaintiff on the town lots sued for, with other lands, against the objections of plaintiff. Such testimony is contrary to public policy. *Stone v. Montgomery*, 35 Miss. 83; *Washburne v. Roesch*, 13 Ill. App. 268. This court has repeatedly said that it will not allow an officer to contradict or overthrow his return. We can perceive no difference upon principle, between an officer's return made under oath and an officer's certificate made under oath. *Boone County v. Lowery*, 9 Mo. 23, 25; *Hallowell v. Page*, 24 Mo. 590; *Delinger v. Higgins*, 26 Mo. 180; *McDonald v. Lewright*, 31 Mo. 29; *Reeves*

*v. Reeves*, 33 Mo. 28; *Stewart v. Stringer*, 41 Mo. 400; *Jeffries v. Wright*, 51 Mo. 215; *Phillips v. Evans*, 64 Mo. 17; *Anthony v. Bartholow*, 69 Mo. 186; *Bank v. Suman*, 79 Mo. 527; *Heath v. Railroad*, 83 Mo. 617, 623. (2) The authorities are uniform in asserting that the certificate of acknowledgment cannot be overthrown and deed set aside upon the evidence of one witness testifying against the facts certified to therein, and where the officer has testified, the court holds that the evidence must be very clear, that the evidence of the wife alone is not sufficient; nor is the evidence of the wife and officer combined, after several years have elapsed, sufficient; nor is a preponderance of the evidence sufficient. *Holmes v. Budd*, 11 Iowa, 186; *Bohan v. Casey*, 5 Mo. App. 101, 110; *Herrick v. Musgrove*, 67 Ia. 63; *Young v. Duvall*, 109 U. S. 573; *Jett v. Rogers*, 12 Bush (Ky.) 564; *Johnson v. Wallace*, 53 Miss. 331; *Washburn v. Roesch*, 13 Ill. App. 268; *Riecke v. Westenhoff*, 10 Mo. App. 358; *Biggers v. Building Co.*, 9 Mo. App. 210. (3) The court improperly and illegally refused to allow plaintiff to introduce and read as evidence in the cause the deed of sheriff William S. Richardson to Thomas B. Jeffries, dated March 16, 1877, and filed for record, March 17, 1877, for the lots in suit, with the certificates and filing thereon. (4) The court improperly and illegally refused to allow plaintiff to introduce and read as evidence in the cause the quit-claim deed from Thomas B. Jeffries to said defendant Susan Pryce, dated March 20, 1877, and filed for record November 25, 1879, for the lots in suit with the certificates and filing thereon. (5) The court improperly and illegally gave judgment, upon the evidence, for defendants Thomas and Susan Pryce upon the cause of action set out in plaintiff's petition, and improperly and illegally adjudged the costs against plaintiff therein and thereon. (6) The court improperly and illegally gave judgment, upon the evidence, for defendant Susan Pryce upon her

counter-claim or cause of action set up in her answer, and divested plaintiff of all title to and interest in the lots, and invested defendant Susan therewith. (7) The court erred in giving judgment for said defendant Susan Pryce upon her answer, or counter-claim set up therein, because neither the evidence in the cause nor the pleadings, nor both, authorized or warranted the same. (8) The court erred in failing, upon the evidence, to give judgment in favor of plaintiff upon his and defendant Susan Pryce's cause of action. (9) The court erred in overruling plaintiff's motion to set aside the judgment and grant him a new trial.

*Anderson & Schofield* for Susan Pryce, respondent.

(1) A married woman can convey her real estate only by virtue of, and in the manner authorized and empowered by, the enabling statute. R. S., secs. 669, 681. Her acknowledgment is an essential part of the deed. Such acknowledgment must, therefore, conform to the requirements of the statute ; and the certificate of the officer taking it must be true. *Chauvin v. Wagner*, 18 Mo. 531 ; *Wannell v. Kem*, 57 Mo. 478 ; *Steffan v. Bauer*, 70 Mo. 399 ; *Belo v. Mayes*, 79 Mo. 67 ; *Drew v. Arnold*, 85 Mo. 128 ; *Webb v. Webb*, 87 Mo. 541 ; *Bohan v. Casey*, 5 Mo. App. 101. (2) The evidence clearly shows and the court found: (*a*) That the respondent Susan never acknowledged to the officer that she executed the deed of trust in question, freely and without compulsion or undue influence of her husband ; (*b*) that she was not made acquainted with the contents of this deed by the officer taking her acknowledgment, nor did enough occur at the time to legally satisfy the officer that she was acquainted with the contents thereof ; (*c*) that she was not in point of fact acquainted with the contents of the deed at the time of giving her acknowledgment; (*d*) that no sufficient

examination of Mrs. Pryce was made by the notary. Under these facts the judgment was for the right party. Authorities, *supra*. (2) Wallace, the notary public, was a competent witness to testify as to what occurred at the time of taking respondent Susan's acknowledgment. (3) No declarations of law were asked or given. Under the pleadings and evidence the court found the issues and gave judgment for the respondent. In such case the Supreme Court will not interfere. *Thies v. Garbe*, 88 Mo. 149 ; *Hamilton v. Boggess*, 63 Mo. 251 ; *Parkinson v. Caplinger*, 65 Mo. 290 ; *Wilson v. Railroad*, 46 Mo. 36. (4) Even where declarations of law are given this court will not disturb the finding of the trial court nor look into the evidence to determine its weight. *Gould v. Smith*, 48 Mo. 43 ; *Douglas v. Orr*, 58 Mo. 573 ; *McHugh v. Meyer*, 61 Mo. 334. (5) And in cases of purely equitable cognizance this court will only interfere reluctantly, and, it seems, where the evidence is clearly insufficient to support the judgment. *Hodges v. Black*, 76 Mo. 537 ; *Hendricks v. Woods*, 79 Mo. 599 ; *Gimble v. Pignero*, 62 Mo. 240. (6) There was no error in excluding the deed from the sheriff to Jeffries and that from Jeffries to respondent Susan. (7) The court did not err in setting aside the deed in question, divesting the appellant of, and reinvesting respondent Susan with, the title to the premises. *Baker v. Circle*, 60 Mo. 258, 264 ; *Long v. Mining Co.*, 68 Mo. 422 ; *Snider v. Coleman*, 72 Mo. 568.

BRACE, J.—This was an action in ejectment in the circuit court of Lewis county instituted by the plaintiff against the defendant Thomas Pryce to recover the possession of lots six, seven, eight, nine, and ten in block twenty-four in Wright & Shropshire addition to the town of LaGrange in said county. The petition was in the usual form, summons issued returnable to the March

term, 1885, of said court, and served upon said defendant, at which term the parties appeared, and on motion Susan Pryce was made a party defendant and leave granted both defendants to answer sixty days before next term.

On the twenty-seventh of June following, in vacation, the said Susan filed her separate answer to the petition, in which, after denying generally each and every allegation in the petition, she set up substantially the following defence: That she is a married woman and the wife of her co-defendant; that she is the owner in fee-simple of the real estate described in the petition, and has been ever since the ——— day of ——— 18—; that being so the owner thereof, on or about the twenty-first of June, 1881, she was induced by the false representations of her husband to sign and acknowledge a certain deed of trust of that date executed by her said husband, conveying said real estate to one Joseph T. Benson, as trustee, to secure the payment to plaintiff of certain promissory notes executed by her husband to plaintiff, for the purchase money of a certain quarter section of land, which was also included in said trust deed; that at the time she executed and acknowledged said deed she was not acquainted with the contents thereof, and did not know that said lots were included therein; that the notary public by whom her acknowledgment was taken, did not read the same to her, and wholly failed and neglected to make her acquainted with the contents thereof; and that if she had known that said lots were included in said deed of trust she would not have signed or acknowledged that she executed said deed freely, and without compulsion or undue influence of her said husband; that the sole and only title the said plaintiff has in and to said lots is derived through the trust deed aforesaid, the sale thereunder by the trustee, and the deed executed by the trustee after the sale aforesaid. Defendant Thomas Pryce did not answer.

Mays v. Pryce.

Plaintiff, at the ensuing September term, filed a reply to the separate answer of defendant Susan, in which, without denying the allegation in the answer, that she is and had been since, etc., the owner in fee-simple of the premises, he admits the giving of the deed of trust by defendants, and that he claims title to said lots through a sale thereunder by the acting trustee, and denies specifically all the other allegations of the answer. The case was tried by the court without a jury upon the issue made by the answer and the reply. No instructions were asked or given, the court made a finding of the facts, and rendered a judgment and decree for the defendants, from which plaintiff appeals.

On the trial the plaintiff introduced the deed of trust referred to in the pleadings, executed and acknowledged in proper form, by the defendants, and including the lots sued for ; the deed of the acting trustee properly reciting his power, the default, notice, sale, and purchase by plaintiff, and in proper form conveying the interest of defendants in said lots to plaintiff. The rental value of the premises was agreed upon and the plaintiff rested his case.

The defendant Susan Pryce was then introduced in behalf of the defendants, and testified directly and unequivocally to the facts as substantially set up in her answer. Robert M. Wallace was then introduced as a witness in behalf of defendants, who testified that he was a notary public ; that he took the acknowledgment of defendants to the deed of trust, and proceeded as follows : "My recollection is, that Judge Pryce, one of the defendants, gave the deed to me ; took his acknowledgment first, and Mrs. Pryce's next." His attention being directed to the certificate, he said, "that is my certificate of their acknowledgment to said deed, and that is my name to the certificate pointed out by you." Defendants' attorney then asked the witness to state

whether or not he read the deed to Mrs. Pryce before he took her acknowledgment, to which question plaintiff's attorney objected for the reason that if the object is to have the witness re-state the facts contained in the certificate, the evidence is unnecessary, and if the object is to contradict the facts certified to in the certificate, he is incompetent to so testify; he cannot contradict the facts certified to by him; it would be contrary to public policy, and operate a fraud upon plaintiff to permit him to do so. Thereupon the attorneys for the defendants, being asked by the court what they proposed to prove by the witness, stated: "We propose to prove by the witness that he did not read said deed to defendant Mrs. Pryce; that he did not explain it to her; that he did not tell her what real estate was contained in said deed, and did not make her acquainted with the contents thereof before he took her acknowledgment to said deed."

Thereupon, the objection was overruled and the witness, over the objection of the plaintiff, was permitted to testify as follows : "I did not."

Q. "Did you explain the deed to her, or tell her what real estate the deed contained? A. I did not; when I went to take her acknowledgment, I said to her, 'I suppose you have read the deed and are fully acquainted with the contents thereof,' to which she answered, 'yes.'"

Q. "Did you make her acquainted with the contents of said deed before you took her acknowledgment thereto? A. I did not."

Q. "Did you ask her, in taking her acknowledgment to said deed, whether she executed the same freely and without fear, compulsion, or undue influence of her husband, defendant Thomas Pryce? A. I did not; I don't think, but can't state positively, whether I asked her that question or not."

To all the foregoing questions plaintiff objected,

and the action of the court in overruling the objections, was excepted to and is asssgned for error. The witness then further testified: "I then supposed that all that was necessary was to ask her if she knew all that was in it. I do not think I asked her if she executed it freely and without fear, compulsion, or undue influence of her husband. I put the question about this way: 'Mrs. Pryce, I suppose you are acquainted with the contents of this deed?' She said she was; but I did not read it to her, or explain it to her, or make her acquainted with the contents of it."

Here the defendant closed her evidence, and the plaintiff was introduced and testified to some declarations of Mrs. Pryce, tending to show that she did know that her lots were included in the deed, after, which Mrs. Pryce was again introduced in rebuttal, and testified that she made no such declarations. Thereupon, the plaintiff offered to read in evidence two deeds, one from sheriff Richardson to one Jeffries, and one from Jeffries to Mrs. Susan Pryce, to show that defendant, Thomas Pryce, had "a possessory right in, was at the institution, and now is entitled to the possession of the lots in plaintiff's petition mentioned." To the introduction of this evidence, defendant objected and the objection was sustained. Plaintiff excepted and also assigns this ruling for error.

Since the case of *Wannell v. Kem*, 57 Mo. 480, decided in 1874, it has been uniformly held in this state that the certificate of the acknowledgment of a married woman to a deed conveying her real estate, in substantial conformity to the requirements of the statute, is only *prima-facie* evidence of the facts therein recited. *Wannell v. Kem, supra; Sharpe v. McPike*, 62 Mo. 300; *Steffen v. Bauer*, 70 Mo. 399; *Clark v. Edwards*, 75 Mo. 87; *Belo v. Mayes*, 79 Mo. 67; *Drew v. Arnold*, 85 Mo. 128; *Webb v. Webb*, 87 Mo. 541. And whilst it

may be said that the presumption in favor of the certificate ought to prevail unless the contradictory evidence is clear, cogent, and convincing, yet it is not conclusive, and the evidence of competent witnesses may be introduced to show that its recitals are untrue, directly, or to prove other facts from which its falsity may be clearly deduced. The notary, who was most conversant with the facts recited in his certificate, was of all persons the most competent to testify on that subject, whether in support or in impeachment of the verity of its statements. The only rule that could possibly close his mouth as a witness would be one making his certificate absolutely conclusive, one that would preclude him or anybody else from calling in question the verity of that certificate. In the argument of the learned counsel for the plaintiff, much is said in support of the proposition that such ought to be the rule, but it having been long settled the other way, it must follow from the rule as now established that the notary is as competent as any other witness to testify touching his knowledge of the facts recited in the certificate, the verity of which under that rule is a legitimate subject of inquiry; a corollary recognized in the cases cited *supra*, in nearly all of which the notary testified, sometimes in support of, and sometimes in impeachment of, his certificate and his competency was never questioned. There was no error in admitting the testimony of the notary.

No default was taken against the defendant Thomas Pryce, and he seems to have been entirely lost sight of, after the filing of Mrs. Pryce's answer. In her answer she denies that he was in possession, and in effect says: "I am in possession of the premises; I was the owner of the fee-simple title at the time you acquired the only title which you claim under the deed of trust, and am the owner of that title. You did not get my title by reason of the fact that I didn't acknowledge

the deed of trust in such manner as to convey the title to the trustee." This was the sole issue tendered in the answer, the plaintiff was at liberty to decline or accept it. He accepted it by admitting that she was the owner in fee-simple of the premises and denying every allegation of the defendant tending to show that she had not acknowledged the deed in such manner as to convey that title to the trustee, and by virtue of which he claimed to have acquired it. As the pleadings stood, if the defendant failed to make out her defence the plaintiff was entitled to recover. If she succeeded she was entitled to judgment. No issue was raised as to her title when the deed of trust was executed; she claimed and he conceded that she was then the owner in fee-simple. The only issue was whether that title passed by the execution of the deed of trust.

After all the evidence was in on that issue, the plaintiff proposed by the deeds of Richardson and Jeffries then offered in evidence to shift the issue, without amending his pleadings, and to show that if he did not acquire her fee-simple title by the deed of trust he may have acquired some title that would avail him in his action for the possession of the premises. The court properly refused to permit the evidence to be introduced. The object of pleading is to produce an issue, and when that issue is produced, the evidence should be confined to it, and when the parties have gone to trial and introduced their evidence on it, it can only be altered or changed by amending the pleadings on terms.

The court found the issue for defendant, and among other things found "that at the time said Susan Pryce executed said deed of trust, she was not, by the notary public who took her acknowledgment thereto, made acquainted with said deed of trust, and was not acquainted with the contents thereof; and did not know that it contained the real estate first aforesaid (lots in

petition described), and that the said notary did not ask the defendant Susan whether, nor did she acknowledge to him that she executed said deed of trust freely and without compulsion or undue influence of her said husband." If the facts stated in this finding are true, then, under all the decisions in this state cited *supra*, such an acknowledgment of the deed did not comply with the requirements of the statute, and could not impart to the deed of Mrs. Pryce the effect of conveying her interest in the real estate to the trustee; and while this court, in actions at law, when the trial court is entrusted with both the law and the facts, will assume the facts to be as that court finds them (*Hamilton v. Boggess*, 63 Mo. 233), and even in cases of purely equitable cognizance will defer somewhat to the finding of the chancellor (*Hendricks v. Woods*, 79 Mo. 590), it is but proper to remark that the finding of the court in this case is well sustained by the evidence.

The defendant Mrs. Pryce, in her answer prayed for equitable relief; "that the deed of trust and the trustee's deed to plaintiff be set aside and for naught held, and that the title acquired by plaintiff by virtue thereof be divested, and vested in her," etc. The court in answer to this prayer decreed: "That the said deed of trust, and the said deed of said sheriff executed as aforesaid be, and the same is hereby set aside and for naught held, so far as it affects the said real estate, and that the plaintiff be, and he is hereby divested of all right, title, and interest therein, and that the title therein be, and the same is hereby vested in the said Susan Pryce." This decree is too broad. The deed of trust having never been properly acknowledged, the title of Mrs. Pryce never passed to the trustee and was never acquired from him by the plaintiff. On the issue tried, the court had only to do with the title of Mrs. Pryce. The only relief she was entitled to is to have the muniment of title, which on its face purports to pass her

interest in the real estate, set aside as to her, leaving her in just the same situation in respect thereof as if she had never signed or acknowledged it in any manner. With any other interest the court had nothing to do. A decree to the following effect would be within the proper limitation and would give the relief to which she showed herself entitled on the evidence: "It is further ordered, adjudged, and decreed, that the said deed of trust and the said deed of said sheriff, executed as aforesaid, be and the same is hereby set aside, cancelled, and for naught held, so far as it affects the right, title, and interest of the said Susan Pryce in and to said real estate, and that said deeds be held to be of no other or greater force and effect than if the deed of trust aforesaid had been executed by the said Thomas Pryce alone."

In order, therefore, that a judgment and decree may be entered in accordance with the views expressed in this opinion, the judgment of the circuit court is reversed and the cause remanded. All concur.