# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1895.

## William McCurley v. Thomas J. Pitner et al.

1. ACKNOWLEDGMENT—*Officer Taking, Competent to Impeach.*—The evidence of the officer who takes an acknowledgment of a chattel mortgage is competent for the purpose of impeaching his official certificate.

**Bill to Foreclose Chattel Mortgage.**—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

J. O. PRIEST, attorney for appellant, contended that a chattel mortgage, when duly signed, acknowledged and recorded in the proper county, is a first lien as to all subsequent incumbrances on the property therein described for the period of two years from the date of the filing of such mortgage for record. R. S. Ill., Chapter 95, Secs. 2, 3 and 4.

It is not necessary for the wife to have her acknowledgment taken to a chattel mortgage on household goods in order that it be a valid mortgage, if it is clearly shown that she joined in the mortgage with her husband by signing her name thereto. R. S. Ill., Chapter 55, Sec. 24.

An officer can not impeach his certificate of acknowledgment. Wright v. Bundy, 11 Ind. 398; Stone v. Montgomery, 35 Miss. 83; Garth v. Font, 15 Lea (Tenn.) 683.

RICHARD YATES, attorney for appellees.

Is the evidence of the officer who has certified to the acknowledgment admissible to impeach his certificate?

Taking an acknowledgment is a ministerial act. 1 Jones on Mortgages, Sec. 535, page 404.

The notion that a certificate has the force of a judicial determination is not tenable, for the examination is *ex parte.* Abbott's Trial Evidence, page 175, note 6.

A certificate of acknowledgment, which is correct in form and is apparently executed by one authorized to act in the matter, whatever his jurisdiction, is sufficient to admit the deed to record and is *prima facie* good, but not conclusive. It may be shown that the deed was never, in fact, executed or delivered. 1 Jones on Mortgages, Sec. 248, page 239; McDonnell v. Stewart, 83 Ill. 538.

A proper certificate of acknowledgment is *prima facie* evidence, but it is not conclusive and may be rebutted. Jackson v. Perkins, 2 Wend. 308.

If the officer taking the acknowledgment certified that he knows the parties by whom the indorsement purports to be executed, when in fact, he did not, his certificate, though *prima facie* valid, upon proof of this fact, is a nullity. 1 Jones on Mortgages, Sec. 537, page 404; Watson v. Campbell, 28 Barb. (N. Y.) 421.

The evidence of the officer is competent to impeach his own certificate. See Suffern & Galloway v. Butler and Butler, 4 C. E. Green, (N. J. Eq.) 209; Tooker v. Sloan, 3 Stewart (N. Y. Eq.) 399; O'Neil v. Webster, 150 Mass. 572; 23 N. E. Rep. 235; Grider v. American, etc., Co. (Ala.) 2 So. Rep. 779; LeMennager v. Hamilton (Cal.), 35 Pa. Rep. 1055; Sisters of Loretto v. Catholic Bishop, 86 Ill. 174; Lowell et al. v. Wren, 80 Ill. 238; McDowell et al. v. Stewart, 83 Ill. 538; Berdel v. Egan, 125 Ill. 302.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellees filed the original bill herein to foreclose a chattel mortgage of household furniture executed by Eugene

F. Voorhies and his wife to complainants, to indemnify them as sureties upon a promissory note of the mortgagor which they were compelled to pay.   Appellant, who was a party defendant, filed a cross-bill setting up a prior mortgage upon a part of the same property, which the court below hold void as against them on the ground that the wife of Voorhies did not join in the execution of it, as required by the statute.

The officer who certified to her acknowledgment testified that she did not in fact appear before him or acknowledge the execution of it; and the controlling question in the case is whether he was competent as a witness to impeach his official certificate.   We think the rule declared by the authorities generally, as applicable to the situation here, makes him competent, leaving the question of the weight of his testimony to the judgment of the trier.   The certificate is the act of a ministerial officer and not conclusive like a judicial record, and does not estop him as between these parties.   The Illinois cases examined are Lowell v. Wren, 80 Ill. 238; McDowell v. Stewart, 63 Id. 538; Sisters of Loretto v. Catholic Bishop, 86 Id. 174; Berdel v. Egan, 125 Id. 302.   Numerous cases from other States are cited and quoted from in the brief for appellees.

The chancellor held that the library (excepting bibles and school books) was not household furniture, but no cross-error is assigned on that holding, and we do not consider the question.   The decree will be affirmed.