EFFENBERGER *et al.* v. DURANT *et al.*

No. 6698.     Opinion Filed April 29, 1916.

(156 Pac. 212.)

1.  **NEW TRIAL—Verification—Waiver.** In an action for possession of real estate, where the defendant relies in his answer upon a deed purporting to have been executed by the plaintiff, advantage cannot be taken of a failure to verify the reply putting in issue the execution of such deed, by raising the question for the first time on motion for new trial.

2.  **NOTARIES—Impeachment of Certificate—Admissibility of Evidence.** A notary public is a ministerial officer, and his evidence is competent to impeach his certificate.

2. *APPEAL AND ERROR*—Harmle s Error—Evidence — Admissibility. The exclusion of certain evidence held not to affect the substantial rights of defendant.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Bettie Durant and another against Fred Effenberger and others. Judgment for plaintiffs, and defendants Fred Effenberger and another bring error. Affirmed.

*T. D. Evans, A. A. Hatch,* and *Benjamin C. Conner,* for plaintiffs in error.

*J. G. Schofield, C. E. McLees,* and *R. A. Hockensmith,* for defendants in error.

Opinion by RITTENHOUSE, C. It is first contended that the execution of a deed having been alleged in the answer, and not denied under oath in the reply, the same was admitted by the pleadings, and therefore the verdict was contrary to law. This objection is not well taken. Before this question can be urged here, it should be shown that the question was properly presented to the trial court before judgment.

The second assignment of error is that the court erred in allowing the notary public to impeach his certificate by testifying that, in his judgment, the woman identified at the trial as Bettie Durant, *nee* Grayson, was not the person who signed and acknowledged the deed, it being the contention that such deed was a forgery. The deed purports to have been made in the Indian Territory before the erection of the state. The Supreme Court of Arkansas held in *Briscoe et al. v. Byrd et al.,* 15 Ark. 655, that the

taking of an acknowledgment of a deed was a ministerial act in no wise connected with judicial powers. This rule was in force in the Indian Territory at the time of this controversy, and the same rule has been declared in the State of Oklahoma in *Ardmore Nat. Bank v. Briggs Machinery & Supply Co. et al.*, 20 Okla. 427, 94 Pac. 533, 23 L. R. A. (N. S.) 107, 129 Am. St. Rep. 747, *State Nat. Bank v. Mee et al.*, 39 Okla. 775, 136 Pac. 758, and *Clapp v. Miller*, 56 Okla. 29, 156 Pac. 210.

An investigation of the subject discloses the fact that the great weight of authority supports the view that the act of the officer in taking an acknowledgment is of a ministerial nature, and not a judicial act. The presumption is in favor of the certificate, unless there is contradictory evidence reasonably tending to overcome such presumption; and such contradictory evidence may be furnished by the notary public as well as by any other witness in possession of the facts. It was held in *McCurley v. Pitner et al.*, 65 Ill. App. 17:

"If the officer taking the acknowledgment certified that he knows the parties by whom the indorsement purports to be executed, when in fact he did not, his certificate, though *prima facie* valid, upon proof of this fact, is a nullity. * * * The evidence of the officer is competent to impeach his own certificate."

In *Mays v. Pryce et al.*, 95 Mo. 603, 8 S. W. 731, it is said:

"And whilst it may be said that the presumption in favor of the certificate ought to prevail unless the contradictory evidence is clear, cogent, and convincing, yet it is not conclusive, and the evidence of competent witnesses may be introduced to show that its recitals are untrue, directly, or to prove other facts from which its falsity may be clearly deduced. The notary, who was most conversant

with the facts recited in his certificate, was of all persons the most competent to testify on that subject, whether in support or in impeachment of the verity of its statements. The only rule that could possibly close his mouth as a witness would be one making his certificate absolutely conclusive, one that would preclude him or anybody else from calling in question the verity of that certificate. In the argument of the learned counsel for the plaintiff, much is said in support of the proposition that such ought to be the rule, but it having been long settled the other way, it must follow from the rule as now established that the notary is as competent as any other witness to testify touching his knowledge of the facts recited in the certificate, the verity of which under that rule is a legitimate subject of inquiry; a corrollary recognized in the cases cited *supra*, in nearly all of which the notary testified, sometimes in support of, and sometimes in impeachment of, his certificate and his competency was never questioned. There was no error in admitting the testimony of the notary."

It is next urged that the court erred in not permitting the plaintiff in error, Effenberger, to testify that during the years he had possession of the land no objection was made by the allottee to his possession; and it is insisted that such evidence was competent for the purpose of showing the inconsistent conduct on her part, and also on the theory of estoppel. This case was tried on the theory that the deed was forged. If this theory was correct, the deed was void. If void, the allottee would not be estopped from asserting its invalidity because she had for a time failed to object to the defendant's possession. We do not think that the evidence was material to any issue in the case, and its exclusion did not affect the substantial rights of plaintiff in error.

The judgment should therefore be affirmed.

By the Court: It is so ordered.