**Happy GOSE, an Infant by Next Friend, etc., et al., Appellants,**

v.

**Easter PERRY et al., Appellees.**

Court of Appeals of Kentucky.

May 24, 1957.

Joe Hobson, Prestonsburg, Arnett Mann, Salyersville, for appellants.

Earl R. Cooper, Salyersville, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment voiding a recorded deed from Harris Gose and his wife to their grandson, Happy Gose, on the ground that the purported signature of the grantor, Harris Gose, was a forgery.

The circuit court found as a fact that Harris Gose had not signed or acknowledged the instrument in question; that Harris Gose was dead at the time the alleged deed was purportedly executed; and that the certificate of the notary, to the effect that Harris Gose had acknowledged the instrument, was untrue.

The witnesses introduced to establish the forgery were: A notary, who testified that he drafted the instrument in question after the death of Harris Gose, and the only person who signed or acknowledged it as a grantor was Lizzie Gose. The notary further stated his certificate on the instrument to the effect that Harris Gose had acknowledged it was false. Five persons familiar with the handwriting of Harris Gose, including two bankers and an expert examiner of the questioned documents, testified it was their opinion that the alleged signature of Harris Gose appearing on the instrument was a forgery. However, there was testimony which rebutted the evidence of forgery. The two persons whose names appear on the instrument as attesting witnesses, testified that the signature of Harris Gose on the alleged deed was genuine, but they admitted that Happy Gose was their nephew, and their testimony otherwise tended to show their interest in the case. Lizzie Gose testified that her husband signed the deed, but the credibility of her testimony was placed in issue by her admission that she had previously made an affidavit denying she had signed the instrument. There was other testimony to

the effect that Harris Gose had indicated an intention to deed his property to Happy Gose.

■ This Court has consistently held that it takes clear and convincing proof to cancel a deed which purports to be signed and acknowledged by the grantors. Rockcastle Mining, Lumber & Oil Co. v. Isaacs, 141 Ky. 80, 132 S.W. 165; Banner v. Asher, 183 Ky. 24, 207 S.W. 703. Appellants insist that when this principle is applied, the evidence is insufficient to sustain the findings of fact of the trial court, and therefore, the judgment is clearly erroneous. CR 52.01.

■ The weight of authority supports the view that the act of the officer in taking an acknowledgment is performing a ministerial act and not a judicial one. Effenberger v. Durant, 57 Okl. 445, 156 P. 212. The presumption is in favor of the certificate, but the presumption may be overcome by contradictory evidence furnished by the notary or by other witnesses in possession of the facts. In McCurley v. Pitner, 65 Ill.App. 17, it was held:

"* * * If the officer taking the acknowledgment . certified that he knows the parties by whom the indorsement purports to be executed, when in fact he did not, his certificate, though prima facie valid, upon proof of this fact, is a nullity. * * *. The evidence of the officer is competent to impeach his own certificate."

On this subject the Missouri Court said in Mays v. Pryce, 95 Mo. 603, 8 S.W. 731, 734:

"And while it may be said that the presumption in favor of the certificate ought to prevail, unless the contradictory evidence is clear, cogent, and convincing, yet it is not conclusive,

and the evidence of competent witnesses may be introduced to show that its recitals are untrue, directly, or to prove other facts from which its falsity may be clearly deduced. The notary, who was most conversant with the facts recited in his certificate, was of all persons the most competent to testify on that subject, whether in support or in impeachment of the verity of its statements. The only rule that could possibly close his mouth as a witness would be one making his certificate absolutely conclusive, one that would preclude him or anybody else from calling in question the verity of that certificate. In the argument of the learned counsel for the plaintiff, much is said in support of the proposition that such ought to be the rule, but, it having been long settled the other way, it must follow from the rule as now established that the notary is as competent as any other witness to testify touching his knowledge of the facts recited in the certificate, the verity of which, under that rule, is a legitimate subject of inquiry, a corollary recognized in the cases cited supra, in nearly all of which the notary testified, sometimes in support of, and sometimes in impeachment of, his certificate and his competency was never questioned. There was no error in admitting the testimony of the notary." Also see: Northcrest, Inc., v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692.

The trial judge believed the evidence introduced by appellees. To him the testimony of the notary and that of the handwriting experts was clear, and by it he was convinced that the name of Harry Gose had been forged to the alleged deed. The trial judge was well within his judicial province when he accepted their evidence as being trustworthy. We cannot, therefore, disturb his findings.

A question has been raised concerning the assessment of costs. While this matter is not properly before us, we observe that the judgment provides that "plaintiffs recover all their costs herein expended."

Judgment affirmed.