Dear Secretary Hunter,
¶ 0 This office has received your letter asking for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does an employer have the right to keep a notary's seal atthe end of the notary's employment if the employer paid for thecommission, bond, and seal?
2. Is ownership of the seal vested in the purchaser or theindividual appointed and commissioned as a notary public by theSecretary of State?
3. Can an employer limit a notary's ability to perform notarialacts to his or her employment? If so, under what conditions?
¶ 1 Title 49 O.S. 1 (1999) of the Oklahoma Statutes provides for the commission of notaries public in Oklahoma:
 "The Secretary of State shall appoint and commission in this state notaries public, who shall hold their office for four (4) years. An applicant for a notary commission shall be eighteen (18) years of age or older, a citizen of the United States, and employed within this state or a legal resident of this state."
Id.
¶ 2 Under Oklahoma law, a notary public is a ministerial officer. See Effenberger v. Durant, 156 P. 212 (Okla. 1916). The notary must provide a seal containing the notary's name and county of residence, unless the notary resides outside Oklahoma, in which case the notary's county of employment must be provided.See 49 O.S. 5 (1999). In addition to certain filing requirements, Section 49 O.S. 2(A) provides that notaries public must file a $1,000 surety bond with the State of Oklahoma. The Secretary of State may revoke a notary's commission upon a court's finding that the notary performed a false or fraudulent notarial act. See 49 O.S. 2(D) (1999).
¶ 3 Your inquiry involves an employer who purchases a notarial seal and bond for an employee whose duties include performing notarial acts. At the conclusion of the notary's employment, the employer attempts to retain the notary's seal and cancel the surety bond, preventing the notary from using the seal or bond in subsequent employment.
¶ 4 Your first and second inquiries ask whether an employer may retain the notary's seal and bond at the conclusion of the notary's employment. While Oklahoma does not prohibit an employer from paying for the notarial seal, the seal is evidence of the notary's ministerial office. Since the seal is acquired in the notary's name, the employer may not require the notary to surrender the seal.[1] Similarly, while the employer may pay for the notary's bond, the bond is issued in the notary's name, rather than the employer's, and cannot be canceled by the employer. However, the employer would not be required to pay any remaining premiums or fees which become due on the bond.
¶ 5 Your third inquiry asks whether an employer can limit the notary's ability to perform certain notarial acts. The Oklahoma Statutes set forth those activities which a notary may lawfully perform:
 "Notaries public shall have authority within any county in this state to make the proof and acknowledgment of deeds and other instruments of writing required to be proved or acknowledged; to administer oaths; to demand acceptance or payment of foreign or inland bills of exchange and promissory notes, and protest the same for nonacceptance or nonpayment, as the same may require, and to exercise such other powers and duties as by law of nations and commercial usage may be performed by notaries public. A notary may not notarize his own signature."
See 49 O.S. 6 (1991).
¶ 6 An employer, in setting terms and conditions of employment, may limit the notarial acts performed by the notary during employment hours. For example, the employer could prohibit the notary from performing notarial acts for anyone other than the employer while at work. The employer, however, may not prohibit the notary, as a ministerial officer, from performing lawful notarial acts, as set forth in 49 O.S. 6 (1991), outside employment hours. Courts have generally held that employers cannot restrict employees from pursuing outside employment as long as such employment does not interfere with duties owed to the employer. See Pratt v. Shell Petroleum Corp.,100 F.2d 833, 835 (10th Cir. 1938) (citing Latta v. Kilbourn,150 U.S. 524, 545 (1893)).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. A notary is required to use a notarial seal, 49 O.S. 5(1999), and obtain a surety bond, 49 O.S. Supp. 1999, 2(A),when performing notarial acts. At the conclusion of a notary'semployment, an employer may neither require the notary tosurrender the seal nor cancel the surety bond; however, theemployer is not required to pay any remaining premium or feewhich may be due on the bond.
2. Title 49 O.S. 6 (1991) of the Oklahoma Statutes setsforth activities a notary may lawfully perform. An employer canprevent a notary from performing notarial acts for other entitiesduring employment hours, but cannot restrict the notary (as aministerial officer) from performing lawful notarial acts outsideemployment hours.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL
[1] An employment agreement could require the employee to reimburse the employer for such expenditures.