Virginia D. Biggers, Appellant, v. St. Louis Mutual House-Building Company No. 3, Respondent.

### June 8, 1880.

In the absence of any evidence of fraud or collusion between the grantee and the notary, if the certificate of the acknowledgment of a married woman conforms to the statute, her own unsupported testimony that the certificate is untrue does not make out a *prima facie* case.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

W. M. ECCLES and D. T. JEWETT, for the appellant : Where the officer fails to acquaint a married woman with the contents of the deed, and to take her acknowledgment of the same upon an examination separate and apart from her husband, the deed and acknowledgment are void. — *Wannall* v. *Kem*, 57 Mo. 478.; *s. c.* 51 Mo. 152 ; Wag. Stats. 935, sect. 14. A relinquishment of all her " right, title, and interest" is not a relinquishment of her dower. — Wag. Stats. 959, sect. 3 ; *Thomas* v. *Meier*, 18 Mo. 573 ; *Thomas* v. *Hess*, 34 Mo. 13.

A. M. GARDNER and F. WISLIZENUS, for the respondent : The unsupported evidence of a grantor in a deed of trust is, as a matter of law, insufficient to overcome the *prima facie* evidence of the certificate of acknowledgment. —*Blackman* v. *Hawks*, 8 Cent. L. J. 196 ; *Russell* v. *Baptist Union*, 73 Ill. 341 ; *Lickman* v. *Harding*, 65 Ill. 505 ; *Sanborn* v. *McPherson*, 88 Ill. 152 ; *Williams* v. *Powers*, 48 Texas, 141 ; *Louden* v. *Blythe*, 27 Pa. St. 25.

HAYDEN, J., delivered the opinion of the court.

The plaintiff, widow of George W. Biggers, seeks to have vacated and declared void a certain deed of trust made by George W. Biggers in January, 1875, and in which the plaintiff joined, as relinquishing all her interest in the real estate conveyed, on the ground, as alleged, that the certificate of the notary is contrary to the facts ; that she was not in truth made acquainted with the contents of the deed by the officer, and was not asked if she acknowledged it, and that in fact she did not acknowledge the deed ; that she was not asked if she relinquished her interest in the real estate, and that she did not acknowledge that she made such relinquishment. There was a denial, and upon the hearing the plaintiff gave testimony tending to support the allegations of the petition, and to prove that the notary merely said that he wanted the

plaintiff to sign the deed, and pointed to the place ; that the plaintiff then signed the . deed, and the notary, without anything further passing, took it away ; that the deed was not read or its contents explained to her, and that she was ignorant of its contents.   The defendant introduced evidence, but the notary was not put on the stand to contradict the plaintiff.   There was judgment for the defendant.

The certificate here was in due form, and correct on its face ; and in its surroundings nothing appeared to impair its force.   There was no evidence tending to prove fraud or collusion as between the grantee and the officer.   The grantee accordingly, it must be presumed, accepted the deed on the faith of the certificate.   This being the case, as the only testimony attacking the truth of the statements of the certificate was that of the plaintiff, the defendant was not called upon to produce any evidence in rebuttal.   There were here no concurring circumstances which tended to support the testimony of the plaintiff.   In *Bohan* v. *Casey*, 5 Mo. App. 111, it is said, in substance, that there should be such circumstances in addition to the testimony of the grantor. In the absence of such circumstances, and of any evidence indicating fraud or collusion, a certificate duly made and conforming to the statute cannot be attacked in the hands of the grantee by the unsupported testimony of a grantor. *McPherson* v. *Sanborn*, 88 Ill. 152 ; *Russell* v. *Baptist Union*, 73 Ill. 337 ; *Lickmon* v. *Harding*, 65 Ill. 505 ; *Louden* v. *Blythe*, 27 Pa. St. 25.   A less stringent rule than this would be inconsistent with that security which is essential in cases of title to real estate.

The present is the case of the bare testimony of the plaintiff, uncorroborated by any facts not dependent on that testimony,. and of an attempt to thus attack the deed in the hands of a grantee who, as must be presumed, relied in good faith on the certificate.   This being the case, we will not weigh her testimony.   *Wannall* v. *Kem*, 57 Mo. 582, relied on by the plaintiff, is not in point.   The certificate must, of

course, be regular and regularly made, and must conform to the statute. It is only thus that the certificate gets its official character and its effect, not as conclusive proof, which it is not, but as evidence whose presumptive proof can be overthrown only in the way provided by law. In *Wannall* v. *Kem*, the conduct of the officer opened his certificate to attack. He made two certificates, which, in effect, were contradictory of each other ( *Wannall* v. *Kem*, 51 Mo. 150; s. c. 57 Mo. 582), and the erasure of the first and long subsequent substitution of the second required explanation. That case is clearly within the rule now laid down, since there were attendant circumstances strongly confirming the testimony of the married woman.

The fact that the certificate here contained the additional words, " and relinquishes all her right, title, and interest in the real estate therein mentioned, either in law or equity," does not impair its force, since it contains everything that the statute requires. Gen. Stats. 1865, p. 445, sect. 14.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.