CRISPEN v. HANNAVAN *et. al., Appellants.*

1. **Evidence**: DEED DEFECTIVELY ACKNOWLEDGED BUT RECORDED THIRTY YEARS. Before a certified copy of a record of a deed, which was not acknowledged or proved according to law before being recorded, can be read in evidence, the original deed must be shown to be lost or destroyed. Section 36 of the chapter on evidence, (Wag. Stat., p. 595,) dispenses with proof of the execution of such a deed where the record is thirty years old at the time of offering the copy in evidence, but in no case does it dispense with proof of its loss or destruction.

2. ———— : ————. Under the above section an original deed is receivable in evidence without proof of execution, though not acknowledged or proven according to law, if the deed has been recorded thirty years or more when offered in evidence.

3. ———— : COPY OF RE-RECORDED DEED. By the act of March 5th, 1874, (Sess. Acts, p. 33,) where a deed conveying lands situate in two or more counties is recorded in one of such counties, a certified copy of such record may be recorded in any other of such counties, and a certified copy of such last record may be read in evidence upon proof that the original deed is not in the possession or under the control of the party offering the copy.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*R. D. Ray* for appellants.

The admissibility of the deeds and records from Young to Morrison and from Morrison to Clay, must be determined by the rules of the common law as modified by statute. (1) Deeds are not admissible solely by reason of their ancient date. *Crispen v. Hannavan,* 50 Mo. 418; Greenleaf Ev., (6 Ed.) § 142; Starkie Ev., (7 Am. Ed.) pp. 66, 67. (2) The common law does not permit secondary evidence of the contents of a deed to be given, by copy or otherwise, until it is shown that the original is lost or destroyed. It also requires proof of execution. 1 Greenleaf Ev., (6 Ed.) §§ 84, 558, 349; *Jackson v. Frier,* 16 John.

193; *Jackson v. Hasbrouck*, 12 John. 191; *Lan v. Brown*, 4 Cow. 483; *Mariner v. Saunders*, 10 Ill. 117; *Christy v. Kavanagh*, 45 Mo. 375. (3) Touching the admissibility of deeds and certified copies of the record thereof, our statutes have made three distinct provisions, each applicable and limited to a separate class of deeds and records. (*a*) The first class is found in the 29th and 30th sections of the act on conveyances, (Gen. Stat. 1865, p. 447,) and is limited to deeds and records that have been regularly made, properly proved, acknowledged, certified and recorded, according to our own laws on that subject. This statute was first enacted in 1825. (*b*) The second class is found in sections 35, 36, 37 and 38 of the same act, pages 447 and 448, and has reference to deeds for military lands, that have been made out of this State and in the United States, and which have been proved or acknowledged in conformity to the laws or usages of the states where made. This statute was first enacted in 1843. (*c*) The third class is found in the 35th and 36th sections of the act on evidence, (Gen. Stat. 1865, p. 582,) as amended by the acts of 1868 and 1873. This act with its amendments does not cover any of the deeds or records embraced in either of the preceding statutes, but is limited to the irregular and defective deeds and records mentioned in the 35th section of this act as amended. This act was first passed in 1847.

It was not the design of section 36 of the statute on evidence, as originally enacted, or as amended by the acts of 1868 or 1873, to make the "certified copies" of the records therein mentioned primary or original evidence; nor is such the effect of said statute. Nor was it designed thereby to change or affect the common law rule as to primary and secondary evidence, but only to declare (out of abundant caution) that such copies of such records should not be used in evidence until the originals had been duly proved; unless said records had been made thirty years before, in which case it declares said copies may be read in evidence without proof of the execution of the original.

*Musick v. Barney*, 4ა Mo. 460.   This section, in effect, gave
to a thirty years' duration of a defective record the force
and effect of a regular acknowledgment or proof of an
original deed, and nothing more.

The transcript of said deed even under the act of
March, 1874, without the oath or affidavit of plaintiff that
the original was lost or destroyed, or not within his power,
or some common law proof of its loss or destruction, was
not admissible in evidence.   See act of March 5th, 1874, p.
33, § 3.

*L. H. Waters* and *M. T. C. Williams* for respondent.

Under the act of March 22nd, 1873, which in terms
included deeds to military bounty lands, deeds defectively
acknowledged, if recorded more than thirty years before
they are offered in evidence, and certified copies of such
records, are admissible in evidence without proof of the
execution of the originals.   Laws 1873, p. 44, § 1 ; *Totten
v. James*, 55 Mo. 496 ; *Hubbard v. Gilpin*, 57 Mo. 441 ; *Fer-
guson v. Bartholomew*, 67 Mo. 212.

The certified copy of the record of the deed from
Chariton county was recorded in Carroll county.   The
deed embraced lands in both counties.   A certified copy
of this latter record was admissible under the act of 1874,
(Laws 1874, p. 33, §§ 1, 2, 3,) an oath being made that the
original was not in plaintiff's custody, etc.

There is nothing in the title to the acts of 1873 and
1874 which makes either of them unconstitutional.   *St.
Louis v. Tiefel*, 42 Mo. 578.

The law of 1847 entitled an act to "quiet vexatious
land litigation " was designed, this court has said, in con-
nection with the period of limitation, to put a speedy
termination to controversies arising out of defects in con-
veyances before then made and informally executed. *Bishop
v. Schneider*, 46 Mo. 481.   This act was so amended in 1868
that the proof of the execution of the original was dis-

Crispen v. Hannavan.

penseu with, if such records were made before January 1st, 1837. Laws 1868, p. 51, § 1; Wag. Stat., p. 595, § 36. Under the law of 1868 the ancient record imparted notice and was admissible in evidence without proof of the execution of, the original. Under section 36 as amended in 1868, the original deed could only be read in evidence upon proof of its execution. *Ryan v. Carr*, 46 Mo. 485. Deeds made in conformity with the laws of this State were made evidence by section 29, page 277, Wagner's Statutes. By section 25, page 277, the records of such deeds imparted notice, and on proof that the original is not within the party's power, section 30 authorizes the record to be read. Deeds affecting military bounty lands acknowledged out of this State and within the United States in conformity with the laws of the place where made, are made evidence by sections 35 and 36 of the act concerning conveyances, and the records thereof, on proof of the loss or destruction of the originals, are made evidence by section 38. One class of deeds, and a large class, those not properly acknowledged or proven, were not included in either of the foregoing provisions, and were supposed to be provided for until this court in *Crispen v. Hannavan*, 50 Mo. 415, decided that deeds to military lands were not within the meaning of the act of 1868. The act of 1873, (Laws 1873, p. 44,) so amended section 36, page 595, Wagner's Statutes, which was the act 1868, as to include deeds to military bounty lands. It was never before pretended, since the passage of this section in 1847, that the original must be accounted for in any manner before the ancient record could be read. The original of such a record, prior to the act of 1873 could not have been read, if produced, under the act of 1847 nor the act of 1868, nor indeed under any law of this State, and consequently its production was not demanded by any rule of evidence. The statute made the ancient record original evidence. The act of 1873 placed the original deed and the ancient record on precisely the same footing.

Before 1873 the original of such record could only have been read upon common law proof of its execution.

HOUGH, J.—This was an action of ejectment, for certain military bounty lands lying in Carroll county, which was tried in 1875. The plaintiff recovered judgment and defendants have appealed.

The plaintiff offered in evidence a patent from the United States to George Young for the land in question; also an original deed for said land from George Young to James Morrison dated April 20th, 1819, with the certificate of record indorsed thereon, showing that it had been recorded in Howard county, Missouri Territory, on July 14th, 1819. This deed was acknowledged outside the State, but not as required by law, and no proof of its execution was offered. Plaintiff next offered a certified copy of the record of the deed from Young to Morrison, together with the acknowledgment and certificate of record indorsed thereon; also a certified copy of the record of a deed for the land in question, from James Morrison to Henry Clay, dated November 13th, 1819, and recorded January 1st, 1820. This deed was executed in the state of Kentucky, and defectively acknowledged there, before a notary public. The plaintiff made oath that the original deed was not in his possession or under his control, and never had been, but no evidence was offered to prove the loss or destruction of the original. The plaintiff next offered in evidence a certified copy of the record of a deed from Henry Clay to Richard Pindall, for the land in question, and certain other lands in Chariton and Linn counties, dated October 14th, 1839, and recorded in Chariton county, May 23rd, 1842. This deed was properly acknowledged so as to authorize it to be recorded under the laws of this State, and testimony was offered tending to show the loss or destruction of the original. The plaintiff also offered, under the act of March 5th, 1874, (Acts 1874, p. 33,) a certified copy from the office of the recorder of Carroll county, of a

record made March 16th, 1874, of a certified transcript of the record in Chariton county of the deed from Henry Clay to Richard Pindall, dated October 14th, 1839, and recorded in Chariton county, May 23rd, 1842. The act of 1874 provides that where deeds conveying real estate situate in two or more counties shall have been duly recorded in any one of such counties, any person interested therein may have a certified copy of such record recorded in any other of such counties where any portion of the land conveyed by such deed may be situated, and such records are put upon the same footing as records made from the original instrument. Other deeds tracing title to the plaintiff were also read in evidence.

The only questions presented for our decision arise out of the objections to the admissibility of the deed from Young to Morrison, and the copy of the record thereof; the copy of the deed from Morrison to Mr. Clay, and the certified copies of the deed from Mr. Clay to Richard Pindall.

The original deed from Young to Morrison was objected to because its execution was not proven, and the copy was objected to because the original was in court. The certified copy of the deed from Morrison to Mr. Clay was objected to because the loss or destruction of the original was not shown. As these deeds were not properly acknowledged according to any law, they fall within the provisions of sections 35 and 36 of the chapter on evidence, which, at the time of the trial, read as follows : " Section 35. The records heretofore made by the recorder of the proper county, by copying from any deed of conveyance, deed of trust, mortgage, will, or copy of a will or other instrument of writing that has neither been proven nor acknowledged, or which has been proven or acknowledged, but not in accordance with the law in force at the time the same was done, shall, hereafter, impart notice to all persons of the contents of such instruments ; and all subsequent purchasers and mortgagees shall be deemed to purchase with

notice thereof. Section 36. Certified copies, or any other copies of such records, including records of conveyances affecting military bounty lands, as are contemplated in the next preceding section, shall not be received in evidence until the execution of the original instruments, from which records were made, shall have been duly proved according to law, unless the said records were made thirty years before the recorded instrument or instruments, or the copies thereof, are offered in evidence, in which case certified copies or original instruments may be read in evidence, without proof of the execution of the original." *Vide* Sess. Acts 1873, p. 44.

The first question to which we will direct our attention, and the one which has been most elaborately argued

1. EVIDENCE: deed defectively acknowledged, but recorded thirty years.

by the counsel for the defendant, is, whether under the foregoing sections of the statute, certified copies of the records therein named, can, in any case, be read in evidence without proof of the loss or destruction of the originals. This question does not appear to have ever before been presented to this court for decision. The statute does not in terms require such proof, but it is contended that as such proof was necessary at common law, and as the certified copies provided for by the statute are, in their nature but secondary evidence, such proof, not having been dispensed with by statute, is still necessary. It is contended by the plaintiff that the statute makes the ancient record original evidence, and that the deed from which such record was made need not, in any case, be produced, or its absence accounted for.

The 29th section of the chapter on conveyances, provides that all deeds duly acknowledged according to the laws of this State may, together with the certificates of acknowledgment, be read in evidence without further proof. The 35th and 36th sections of the same chapter, provide that all conveyances of military bounty lands executed outside of the State and within the United States, which have been acknowledged or proved according to the

laws of the place where executed, shall be as effectual and valid as if proved according to the laws of this State. By the 30th section of this chapter, certified copies of conveyances acknowledged according to the laws of this State, can only be read in evidence when the party wishing to use the same, or any party knowing the fact, shall make affidavit that the original is lost, or not within the power of the party wishing to use the same; and by the 38th section, copies of conveyances of military bounty lands acknowledged according to the law of the place where executed, can be read only upon proof of the loss or destruction of the original.

The general statute in relation to conveyances was passed February 14th, 1825, and the sections now incorporated in that act relating to military bounty lands, were first enacted in January and February, 1843. Sections 35 and 36 of the chapter on evidence, above quoted, were first enacted, substantially as they now appear, on February 2nd, 1847. So that if the position of plaintiff be correct, copies of conveyances regularly acknowledged according to the laws of this State, or of the state in which they were executed, and recorded as early or before any of the conveyances provided for in sections 35 and 36 of the chapter on evidence, cannot be read in evidence without accounting for the absence of the original, while copies of the record of conveyances which have not been acknowledged according to the laws of this or any other state, or which have not been acknowledged at all, may be read as original evidence and without in any way accounting for the original. We cannot believe that such was the intention of the legislature. The statute dispenses with proof of the execution of the original, after the record has attained a certain age, but it does not dispense with proof of its loss or destruction, so as to make the copy evidence. Sections 35 and 36 were originally parts of the act of 1847, entitled "An act to quiet vexatious land litigation," and were designed to make the record of conveyances defectively

acknowledged, or not acknowledged at all, notice to subsequent purchasers, and not to make copies thereof original or primary evidence. We are of opinion, therefore, that the copy of the deed from James Morrison to Henry Clay was not admissible in evidence without proof of the loss or destruction of the original.

By the terms of the statute, where the original deed is produced and the same is not acknowledged or proved,

2. ——: ——. or is defectively acknowledged, and the record of such deed was made thirty years or more before it is offered in evidence, proof of its execution is dispensed with. The original deed from Young to Morrison was, therefore, admissible in evidence without proof of its execution.

We are further of opinion that the act of March 5th, 1874, is a valid act, and that a certified copy of the record

3. ——: copy of of the deed from Henry Clay to Richard re-recorded deed. Pindall, made in Carroll county from the record in Chariton county, was admissible in evidence after showing that the original was not in the possession or under the control of the plaintiff. The copy of the record in Carroll county being competent evidence, it is unnecessary to say anything in regard to the record from Chariton and the testimony offered in connection therewith. The judgment will be reversed and the cause remanded. The other judges concur.