Clark v. Edwards' Administrator.

CLARK V. EDWARDS' ADMINISTRATOR, *Appellant.*

1. **The** judgment for the plaintiff is reversed because the evidence fails to sustain the charge of undue influence upon which the action is based.

2. **Married Woman's Deed**: ACKNOWLEDGMENT. The officer's certificate of acknowledgment to a married woman's deed is *prima facie* evidence that it was voluntarily executed.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

This was a proceeding by Ann E. Clark and John O. Clark, her husband, to establish a demand against the estate of H. J. Edwards, deceased. Mrs. Clark was the only child of H. J. and Elizabeth Edwards. Early in the year 1858, Mrs. Edwards conveyed a tract of land which she had inherited from her father to one McBride, who shortly thereafter conveyed to Edwards. Mrs. Edwards was ill at the time of executing this conveyance, and soon afterward died. Edwards died in 1876, and in 1877 this proceeding was instituted, the plaintiffs alleging that the conveyance to McBride was obtained through undue influence practiced upon Mrs. Edwards by her husband, and that Edwards ought in law and equity be declared to have taken said property in trust for plaintiff, Ann E. Clark, and to have held the same for her benefit.

*Philips & Jackson* for appellant.

*M. A. Fyke* and *F. P. Wright* for respondents.

SHERWOOD, C. J.—On the merits of this cause the complainant has no standing in court. The theory of the prosecution, as shown by the statement filed, is, that H. J. Edwards, the father of Mrs. Clark, compelled her mother to execute a deed, without any consideration therefor, to

McBride, who afterward conveyed the land thus conveyed to him, to H. J. Edwards, who, shortly afterward, sold and conveyed the same, realizing thereby $300. Mrs. Ransdell, in speaking of the mental capacity of her sister, Mrs. Edwards, says, in substance, that she was a woman of more than ordinary intelligence, and of active, sprightly mind. Being asked why her sister executed the deed, she says: "Because her husband would have her to sign it; she did not sign it of her own consent." Yet it is evident Mrs. Ransdell did not regard the conduct of Edwards, the husband, toward her sister, as either unusual or reprehensible, because, when speaking of the clerk's coming out to her house to take her sister's acknowledgment to the deed, she says: "I think he did read something to her, but don't know what it was; never expected any trouble, and paid no attention to it." Another witness says "My sister did not want to make the deed." This is all the evidence bearing on the point of compulsion or undue influence. In what way or manner the sister exhibited dislike to executing the deed, we are not told Nor are we told that the husband exhibited any such disposition toward the wife as could be properly regarded as undue influence or moral coercion; nothing in short, which could bring this case within the principle of the case of *Sharpe v. McPike*, 62 Mo. 300.

If this were a proceeding in equity to set aside the deed, the land still being in first hands, it would be going a great way, much farther than any court has ever gone before, if upon such evidence as this record presents, (if that can be called evidence which seems to be the mere opinion of two witnesses unsupported by a single fact, and uncorroborated by a single circumstance,) we should say such deed should be set aside; and no less evidence is requisite in a proceeding of this nature, than in one of the kind supposed, as in either instance the recovery of judgment or the obtaining a decree, would of necessity involve the production of satisfactory proof of the self-same facts.

Besides, it must be remembered that the acknowledgment of the deed makes out a *prima facie* case that the act of execution was a voluntary act. *Wannell v. Kem*, 57 Mo. 478; *Sharpe v. McPike, supra.* For these reasons, then, we hold the allegations of the complaint to be without any substantial basis, and so reverse the judgment. All concur.