DREW v. ARNOLD *et al.*, *Plaintiffs in Error.*

1. **Deed,** ACKNOWLEDGMENT OF BY WIFE: EVIDENCE: CROSS-EXAMINA-
   TION. Where a married woman testifies that she was not made acquainted with the contents of a deed by the notary taking her acknowledgment to it, it is competent to ask her on cross-examination, whether or not she knew the contents at the time she made the acknowledgment, and informed the notary, in answer to his inquiry to that effect, that she was acquainted with the contents.

2. ———: CERTIFICATE OF OFFICER. Where it appears to the court, or officer taking the acknowledgment of a married woman to a deed, that she is acquainted with its contents, and that they are familiarly known to her, he would be justified in certifying that she was made acquainted with the contents, and the design of the law would be accomplished, although the officer imparted no information to her.

3. ———: EVIDENCE. Where a married woman testifies to what occurred before the notary who took her acknowledgment to a deed, it is competent to cross-examine her as to all that occurred in reference to the matter.

*Error to Washington Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*Dinning & Byrns* for plaintiffs in error.

The court below erred in allowing plaintiff to introduce evidence tending to prove that Mrs. Arnold knew the contents of the deed of trust in controversy, by means other than information furnished by the officer taking the acknowledgment. *Wannell v. Kem,* 57 Mo. 478; *Sharp v. McPike et al.,* 62 Mo. 300; *Goff v. Roberts,* 72 Mo. 570; *Whitely v. Stewart,* 63 Mo. 360; *Wannell v. Kem,* 51 Mo. 150; *Bartlett v. O'Donoghue,* 72 Mo. 563; *Hoskinson v. Adkins,* 78 Mo. 537; R. S., secs. 680, 681. (2) The court erred in refusing the two instructions asked by defendants. They were in harmony

with the authorities cited above. (3) The court erred in giving an instruction of its own motion in conflict with the authorities cited under the first head.

*Samuel B. Parton* for defendant in error.

(1) The court below committed no error in allowing Mrs. Arnold to be cross-examined as to her knowledge of the contents of the deed of trust at the time she made her acknowledgment. The statute regulating the taking of acknowledgments of married women, was substantially complied with in this case. *Chauvin v. Wagner,* 18 Mo. 531 ; *Belo v. Mayes,* 79 Mo. 76. (2) The instructions given embodied the law of the case. (3) The trustee in the deed of trust having removed from the state, the acting sheriff, by the terms of the deed, was authorized to sell the land. (4) The testimony of Mrs. Arnold, one of the defendants, established the fact that she executed the deed, that she was aware of what she was doing, and the fact that she received none of the money should not defeat the plaintiff's action of ejectment, she being in possession of the premises.

NORTON, J.—This suit is by ejectment to recover the possession of certain land in Washington county, in the petition described. Plaintiff had judgment, from which the defendants have prosecuted a writ of error to this court. Plaintiff, in support of his title, put in evidence a deed of trust executed by defendant, Arnold, and his wife, conveying the land in question to secure a certain debt therein mentioned. On default being made in the payment of this debt, the land was sold under the deed, plaintiff becoming the purchaser and obtaining a deed, which he also put in evidence. The land conveyed in the deed of trust belonged to the wife. The deed was acknowledged by both husband and wife before a notary public, whose certificate, attached thereto, is in strict

compliance with the statute. The defendants sought, on the trial, to defeat plaintiff's recovery on his paper title, on the ground that Mrs. Arnold, the wife, at the time the deed was acknowledged, was neither made acquainted with the contents of the deed, nor examined separately and apart from her husband, as to whether she executed it freely and voluntarily, and without undue influence of her husband. She was introduced as a witness, and testified that she was not made acquainted, by the notary, with the contents, and that her husband was in the room at the time she was examined by the notary, with his back to her, writing at his desk, but near enough to hear what was said. On her cross-examination she was asked: "Did you know the contents of the deed of trust at the time you acknowledged the same?" She answered that she did. She was then asked if the notary did not ask her at the time if she was acquainted with the contents of the deed, to which she replied that he did.

The notary who took the acknowledgment was then called by plaintiff as a witness, and testified that Mrs. Arnold's husband was not in the room at the time the acknowledgment was taken, and was not present when the privy examination took place; that he told Mrs. Arnold that the instrument was a deed of trust on the land in question, and asked her if she was acquainted with its contents, to which she replied that she was. He further stated that his certificate was true. The defendant objected to the question propounded to Mrs. Arnold, on her cross-examination, which objection was overruled, and it is for this action of the court we are asked to reverse the judgment, and the case of *Wannell v. Kem et al.*, 57 Mo. 478, is relied upon to bring about that result.

In the case of *Thomas v. Meier*, 18 Mo. 573, it was held expressly that a certificate of acknowledgment of a married woman, which states that "she acknowledged

and declared she was well acquainted with the contents of the deed, is sufficient, although it does not state that the contents were made known to her by the officer." When this case was decided the statutes of 1825, then in force, required that the court, or officer, before whom the acknowledgment was made, " shall make her acquainted with, and explain to her, the contents of such deed, or conveyance." The statute in force at the time the acknowledgment in question was taken, did not require the officer taking the acknowledgment, as did the act of 1825, to " explain the contents of the deed," but only to make her "acquainted with the contents," and if under the act of 1825, the requirement of the statute that the officer taking the acknowledgment of a married woman "shall make her acquainted with, and explain to her, the contents" of a deed, is met and complied with by a statement in the certificate that " she acknowledged and declared that she was well acquainted with its contents," it logically follows that under the statute in force at the time, the acknowledgment in question was taken, which only required the officer to make her acquainted with its contents, would likewise be met and complied with had the certificate stated that Mrs. Arnold acknowledged and declared that she was well acquainted with the contents of the deed acknowledged by her. In *Chauvin v. Wagner*, 18 Mo. 531, it was said that the certificate says that Mrs. Chauvin was "made acquainted" with the contents of the deed. "Acquainted" means "familiarly known," and when it appeared to the court, or officer taking the acknowledgment, from the statements of the married woman, that she was acquainted with the contents of the deed, that they were familiarly known to her, he would be justified in certifying that she was made acquainted with the contents and "the design of the law would be accomplished, although the officer imparted to her no information." That it would be a question of consistency, whether the officer could certify that he made her

acquainted with the contents of the deed, or explained the contents to her when she knew them perfectly before she came before him.

The very object of the questions propounded to Mrs. Arnold and objected to by defendant, was to show that when the deed was presented to her for signature and acknowledgment, that she was acquainted with its contents and so declared to the officer taking the acknowledgment, and under the authority of the above cases the objections were properly overruled. Besides this, the witness had detailed in her examination in chief what occurred before the notary who took her acknowledgment, and on general principles the plaintiff, on her cross-examination, had the right to have her state all that occurred in reference to the matter in dispute, and we can see no reason why this right should be restricted in this case, but on the contrary, in view of the fact that these certificates are liable to be assailed long after the acknowledgment has been taken, after titles have passed from one to another and after the officers taking them have died, we think that the fullest latitude in the cross-examination of the impeaching and interested witnesses should be allowed. In the language of Judge Scott, in the case of *Chauvin v. Wagner*, who concurred with Judge Gamble in reference to the sufficiency of the statement in the certificate that Mrs. Chauvin was made acquainted with the contents of the deed: "Justice and true policy both demand an enlarged and liberal construction of the certificates to the deeds of married women, especially as courts lend a willing ear to all complaints of obtaining conveyances from married women by undue means."

It may be said of the case of *Wannell v. Kem*, which is relied on by defendants, that the explanation of the contents of the deed must be on a privy examination, it is overruled in the case of *Belo v. Mayes*, 79 Mo. 67, and in so far as it militates against the admissibility of the

evidence sought to be elicited by the question propounded to Mrs. Arnold in this case, it is irreconcilable with the cases of *Chauvin v. Wagner* and *Thomas v. Meier*, 18 Mo. 531 and 573, above referred to, and believing the doctrine announced in the two cases last cited to be more consonant with sound principle than that annouced in that of *Wannell v. Kem*, we must hold that the court did not err in receiving the evidence objected to. It may be added in this connection that by the laws of 1883, page twenty, the officer taking the acknowledgment of a married woman is not required as formerly to state in his certificate that he either made her acquainted with the contents of the deed, or that she was examined apart from her husband.

The instruction given by the court to the effect, "that if the court, sitting as a jury, believe from the evidence that the notary at the time he took the acknowledgment of Mrs. Arnold, examined her separate and apart from her husband, and on such examination informed her what property was described in the deed of trust, and that she acknowledged to him that she was acquainted with the contents of the deed, and executed the same freely and without compulsion or undue influence of her husband, and that at the time she executed the deed she knew and understood its effect, the finding should be for plaintiff," covered the facts in evidence and also embraced the law applicable to them and was properly given.

Judgment affirmed. All concur. Henry, C. J., absent.