. ,PIERCE, *Appellant*, v. GEORGER.

DIVISION TWO.

1. **Secondary Evidence:** CERTIFIED COPY OF DEED. The admission in evidence of a copy of a deed duly certified by the recorder is error, unless a proper foundation therefor is first laid by showing that the "instrument is lost or not within the power of the party wishing to use the same," as required by Revised Statutes, 1879, section 697.

2. **Conveyance of Land:** ACKNOWLEDGMENT OF MARRIED WOMAN, CONTRADICTING RECITALS IN. A widow in an action for dower may show, even as against an innocent purchaser of the land in good faith, that she never signed or acknowledged the deed by which her husband conveyed the land and which purported to be executed by her with her mark, that she did not know the notary and was at that time able to write her name.

3. ———: ———. An officer's certificate of acknowledgment of a deed is only *prima facie* evidence of the truth of its recitals.

Pierce v. Georger.

*Appeal from St. Louis City Circuit Court.*—Hon.
G. W. Lubke, Judge.

Reversed and remanded.

*E. A. B. Garesché* for appellant.

(1) The court erred in permitting certified copy of
deed to John Dean to be read in evidence against the
objection of plaintiff. R. S. 1879, sec. 697; *Miller v.
Wells*, 5 Mo. 6; *Aubuchon v. Murphy*, 22 Mo. 123;
*Gilbert v. Boyd*, 25 Mo. 27; *Strain v. Murphy*, 49 Mo.
337; *Commonwealth v. Emory*, 2 Gray, 81; *Brooks v.
Marbury*, 24 U. S. 99. (2) The court erred in giving
instruction asked by defendant. R. S. 1879, sec. 698;
*Belo v. Mayes*, 79 Mo. 71.

*H. N. Wells* and *M. Kinealy* for respondent.

(1) The deed from Pierce to Dean was rightly
admitted. Where a deed is merely a link in a chain of
title a certified copy from the record is admissible in
evidence as an original. *Commonwealth v. Emory*, 2
Gray, 81; *Caton v. Campbell*, 7 Pick. 12; *Scanlan v.
Wright*, 13 Pick. 527; *Ward v. Fuller*, 15 Pick. 187;
Wharton on Evidence, sec. 114; Greenleaf on Evidence,
sec. 485; *Crawford v. State*, 6 H. & J. (Md.) 234. (2)
The evidence offered by plaintiff being her own testi-
mony was not sufficient to overthrow the notarial cer-
tificate. *Riggins v. County*, 9 Mo. App. 210; *Bohan
v. Casey*, 5 Mo. App. 101; *Wannell v. Kem*, 57 Mo. 478.

Macfarlane, J.—This is an action by plaintiff,
who is the widow of Patrick Pierce, for the assignment
of dower in a certain lot of land in the city of St. Louis.
The land was conveyed to the husband on the seventh
day of May, 1859, during his marriage with plaintiff.

Plaintiff testified in chief that her husband died in 1868 ; that she had never relinquished her dower in the land, and her dower had never been assigned to her. It was admitted that defendant held the lot under a regular chain of title from plaintiff's husband, and that demand for dower was made of, and refused by, defendant.

Defendant offered in evidence a copy of a deed, certified by the recorder of the city of St. Louis, purporting to have been executed by plaintiff and her husband, dated in August, 1859, conveying the lot to one John Dean. This deed was one of general warranty, regular in form, with plaintiff's name signed thereto by her mark, witnessed by one Commune with the certificate of Daniel O'Brien, a notary public, attached, certifying to all the facts necessary for the relinquishment of the dower of the wife. To the admission of this copy, the defendant objected, on the ground that a proper foundation had not been laid for its introduction. The objection was overruled and the copy was read in evidence. Through this deed defendant claims title.

In rebuttal, plaintiff testified that she never signed or acknowledged the deed, did not know the notary and was at that time able to write her name. There was no other evidence.

At the request of the defendant the court gave to the jury the following instruction : "The court instructs the jury that the certificate of acknowledgment of a notary to a deed must prevail over a denial of the execution of such deed, made by any person, who in such certificate is described as being a party grantor therein or thereto, and that in this cause the evidence of plaintiff is not sufficient to overcome or defeat a deed in which she is named as grantor, which assumes to have been signed by her and to which is appended a certificate of acknowledgment, purporting to have been made before a notary public, in this state, and assuming to convey the lot in controversy ; provided the jury in this

cause believe and find that a notary public named Dan-
iel O' Brien did in fact make an original certificate in the
form hereinbefore mentioned, upon an original deed,
whereof the one read in evidence, upon this trial, pur-
ports to be a certified copy."

·     The giving of this instruction is assigned as error.

I.   The original deed from plaintiff and her hus-
·band was the best evidence to prove the relinquishment
of dower.    These instruments are required by law to be
recorded, and the record preserved by a public officer.
The record of a deed, when duly acknowledged or a
copy certified to by the officer having the custody of the
record, would be the next best evidence.    Regardless of
the statute on the subject, such records or copies of
them would be admissible as secondary evidence, after
satisfactory proof that the originals could not be pro-
duced, but not before.

The statute has greatly simplified the necessary
foundation to be laid in order to authorize the introduc-
tion of this secondary evidence, but it has not dispensed
with proof altogether.    The statute allows the record
or a certified copy to be read in evidence when it " shall
be shown to the court by the oath or affidavit of the
party wishing to use the same, or of anyone knowing
the fact, that such instrument is lost, or not within the
power of the party wishing to use the same."    R. S.
1879, sec. 697.

The statute makes no provision for reading the
record, or a copy, without first accounting for the non-
production of the original.    Neither at common law,
nor under the statute, was the copy admissible in evi-
dence until the proper foundation therefor had been
laid.    *Crispen v. Hannavan,* 72 Mo. 548; *Christy v.
Kavanagh,* 45 Mo. 376 ; *Strain v. Murphy,* 49 Mo. 340 ;
*Hoskinson v. Adkins,* 77 Mo. 538; 1 Greenl. Ev., sec.
558.

II.   The right of a married woman to contradict, by
parol evidence, the certificate of an officer who takes her

acknowledgment to a deed conveying her real estate, has been affirmed through a long line of decisions in this state. *Wannell v. Kem*, 57 Mo. 480 ; *Sharp v. McPike*, 62 Mo. 300 ; *Steffen v. Bauer*, 70 Mo. 399 ; *Clark v. Edwards*, 75 Mo. 87 ; *Belo v. Mayes*, 79 Mo. 67 ; *Drew v. Arnold*, 85 Mo. 128 ; *Webb v. Webb*, 87 Mo. 541 ; *Mays v. Pryce*, 95 Mo. 604.

These decisions do not seem to be in harmony with the rulings of other states on the subject. It is generally held that, in case the married woman appears before the officer, and makes an acknowledgment of the deed, the certificate of the officer will be conclusive against her, in the absence of fraud, in any contest between her, and a purchaser in good faith, and without notice. For a review of the authorities, see *Pickens v. Knisely*, 29 W. Va. 1 ; 18 Fed. Rep. 364, and note.

Such ruling seems better calculated to insure the security of titles and the protection of purchasers. Titles in this state, that have passed through the hands of married women, are always open to suspicion, in view of the right of the woman, at any time, to attack them, regardless of the innocence and good faith of the purchaser, and in view of the frequency with which such right has been exercised. The provision of our statute that "neither the certificate of the acknowledgment nor the proof of any such instrument, nor the record nor transcript of the record of such instrument, shall be conclusive, but the same may be rebutted." ( R. S. 1879, sec. 698 ), probably controlled the decisions of our courts. This statute has been in existence since 1845 and possibly longer. The rule adopted has stood, through several revisions of the statute, without statutory change, and it must be regarded as in accord with the policy of the state.

In the case at bar plaintiff testifies positively and unequivocally that she neither signed nor acknowledged the deed nor appeared before the officer for any purpose. If this be true then the deed, as to her, would be a

forgery, and she had the right to show the fact. The certificate of the notary was only *prima facie* evidence of the truth of its recitals and it should have been left to the jury to determine the preponderance of the evidence. The instruction complained of should not have been given.

Judgment reversed and cause remanded. All the judges of this division concur.