SPRINGFIELD ENGINE AND THRESHER COMPANY, Appellant,
v. DONOVAN et al.

### Division Two, February 7, 1899.

1. Pleading: MOTION TO STRIKE OUT: WAIVER. By filing a reply to that part of the answer to which plaintiff had leveled a motion to strike out, he waived his right to have the action of the court overruling the motion reviewed.

2. **Deed of Trust:** SALE: BIDS BY MAIL. Plaintiff, the beneficiary under a deed of trust, wrote to the trustee before the sale, directing him to enter a bid for him on the property for $500, which he did, and cried the bid at the sale, and there being no other bids the property was knocked off and sold to plaintiff, who paid the costs in cash, and after the costs were deducted from the $500, the balance was credited upon the notes mentioned in the deed of trust. *Held*, that this was a legal bid.

3. ———: DURESS: COERCION OF WIFE BY HUSBAND. Extraneous evidence to overcome the certificate of a wife's acknowledgment to a deed on the ground of the duress of her husband, must be strong and convincing and must satisfy the mind of the chancellor with reasonable certainty, that she did not sign it as her free act and deed, but was forced to do so by his threats of violence. A preponderance of the evidence is not sufficient.

4. ———: ———: ———: INSUFFICIENT PLEADING. An answer in a suit in ejectment, which alleges that the execution and acknowledgment of one of the defendants to the deed of trust under which plaintiff claims, were secured by duress on the part of her husband, but does not allege that the plaintiff was a party to or had knowledge of such duress, does not state a defense.

5. ———: ———: ———: CASE STATED. The wife in her answer pleaded that she was forced by the threats and violence of her husband to execute and acknowledge the deed of trust. It is admitted that the wife told the officer that the deed was her free act and deed, and by such answers induced him to make a certificate seemingly in full compliance with the law. *Held*, that in the absence of fraud participated in by, or brought to the knowledge, of plaintiff, the wife could not be permitted to contradict the certificate by parol evidence.

6. Ejectment: JUDGMENT. In a plain ejectment plaintiff, if entitled to recover, should have judgment for possession. He can not have a decree for equitable relief, although an equitable defense may be pleaded.

7. ———: EQUITABLE JUDGMENT: INSUFFICIENT PLEADING. Plaintiff sued in ejectment, claiming as purchaser at a sale under deed of trust. One of the defendants set up as a defense that the deed of trust was made by her because of the duress of her husband, which defense the court found to be true, and set aside the mortgage as to her, foreclosed it as to her husband, gave judgment against him for the balance due on the notes secured by the mortgage, and decreed it a special lien on the land. *Held*, that plaintiff was entitled to a judgment for possession or nothing, and the decree rendered was not justified either by the pleadings or the law.

*Appeal from Marion Circuit Court.*—Hon. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

H. J. DRUMMOND for appellant.

(1) The court committed reversible error in overruling plaintiff's motion to strike out defendant's answer. It was not averred in the answer that plaintiff participated in the acts of alleged coercion by defendant Daniel of his wife Josephine in the execution of the deed of trust to Thomas Cocke, nor that plaintiff had any knowledge of such acts. Therefore it should not be affected by them. Perkins v. Bakrow, 45 Mo. App. 258; McCoy v. Green, 83 Mo. 632; Draper v. Bryson, 17 Mo. 84; Bowman v. Hiller, 130 Mass. 153; Hardwick v. Hamilton, 26 S. W. Rep. 342; Beals v. Nedde, 2 Fed. Rep. 41; Hogan v. Moore, 48 Ga. 162; Gardner v. Case, 13 N. E. Rep. 36; Clark v. Pease, 41 N. H. 425; Line v. Blizzard, 70 Ind. 23; Green v. Cranage, 19 Ia. 461; Fairbanks v. Snow, 13 N. E. Rep. 596. (2) There was no evidence tending to show that appellant either participated in the acts of violence, of Daniel Donovan towards his wife, or that it had any knowledge of the same. Perkins v. Bakrow, 45 Mo. App. 250; Kir-

kendall v. Hartslusk, 58 Mo. App. 234; McCoy v. Green, 83 Mo. 632; Shelley v. Booth, 73 Mo. 77; Van Raalte v. Harrington, 101 Mo. 612; State ex rel. v. Hope, 102 Mo. 428; Alberger v. White, 117 Mo. 363. (3) Appellants confidently believe the verdict of the jury and the finding of the court on issue numbered 6 should have been set aside for want of evidence to support it, and that the court committed reversible error in refusing to do so. The verdict must have been the result of partiality or prejudice. Avery v. Fitzgerald, 94 Mo. 216; Avery v. Fitzgerald, 96 Mo. 192; Garrett v. Greenswell, 92 Mo. 120; Whitsett v. Ransom, 79 Mo. 258; John v. Railroad, 87 Mo. 74; Reinback v. Ellerbe, 115 Mo. 595. (4) The court erred in finding that there was no bid made for the premises in dispute when sold by the trustee. The offer of $500 made by letter of appellants and accepted by the trustee constituted a bid and the sale was valid, made in pursuance thereof. Par. on Con. (7 Ed.), 482; Ganges v. Rumsey Mfg. Co., 37 Mo. App. 297; Schotsburg v. Massengale, 13 Mo. App. 226; Bruner v. Wheaton, 46 Mo. 367.

W. M. BOULWARE and W. R. ANDERSON for respondents.

BURGESS, J.—Ejectment for the possession of a piece of ground, one hundred and twenty, by one hundred and twenty-three feet, being part of lot 1 in block 2, Sloan's addition to the city of Palmyra. The petition is in the usual form, and the original answer a general denial.

The case was in this court on a former occasion (120 Mo. 423), when the judgment was reversed and the cause remanded. After its reversal and remand, defendants filed an amended answer in which they admit the possession, but deny all other allegations in the petition It then avers that the notes and deed of trust given to Thomas Cocke to secure their payment under which plaintiffs derive title were signed by defendant, Daniel Donovan, in pretended consideration of

the purchase by him and one Crane of a certain engine and thresher manufactured by plaintiff, and they say that said Daniel was induced to make said purchase and to execute said notes and deed of trust by fraud, misrepresentations and deceit.  They say that said plaintiff "by its agents in that behalf in order to procure the execution thereof by said Daniel Donovan, fraudulently induced said Daniel to drink intoxicating liquor until he was drunken and his judgment was overthrown, in which condition . . . . . . . he was induced by plaintiff's agents to sign said notes and deed of trust.  And defendants further state that said Daniel being so drunken by force and threats of violence forced defendant Josephine, his wife, to sign and acknowledge said deed of trust, that she was unwilling so to do and thus incumber their homestead, and so to do refused until forced as aforesaid by her said codefendant."  And it was further averred in said answer that Daniel Donovan was incompetent to transact business when he signed said notes and deed of trust, and was induced to do so by the fraudulent representation of plaintiff as to the value of the machinery bought by him and the profits to be received therefrom, and they were not therefore binding on him in law, and that, as their execution was obtained by fraud and they were not binding in equity, the court was asked to set aside the deed of trust and cancel the notes.  It was further averred that Donovan and Crane also executed a chattel mortgage on the machinery bought, to secure the payment of the three notes given therefor; that said machinery had been sold by plaintiff and $1,250 realized at such sale, which amount had not been credited on the notes, and which, if so credited, would have left but a small amount due thereon, and that the real estate had been sold as if nothing, or very little, had been paid by the sale of the machinery; that the real estate was of the value of $1.500; that there were no bidders at the sale; that appellant sent a bid of $500 by mail with the request to the trustee to consider such bid and if no one bid more to knock

off the premises to plaintiff; that no other bid was made and the trustee considered the $500 as a bid, and declared the premises sold to plaintiff for that sum, and made it a deed reciting therein that consideration, and the court was asked to set aside said pretended sale and deed because there was no bid made at the same, or if the $500 be considered a lawful bid, then it was entirely inadequate and asked that the sale and deed be set aside for that reason and that defendants be granted general relief.

On September 2, 1895, plaintiff filed its motion to strike out all of defendants' amended answer except that part which admits the possession of the property sued for and alleges that it is their homestead, upon the ground that it is immaterial, constitutes no defense to plaintiff's action, and sets up matter as a defense not included in the former answer. This motion was overruled and exceptions to the ruling of the court duly taken and saved.

On September 3, 1895, plaintiff filed reply to the amended answer denying all new matter therein contained.

The court submitted six issues to the jury, but as all of them were withdrawn except the third and sixth, only those will be further noticed.

The third directed the jury to find as to whether or not there was realized from the private sale of said engine and thresher by the plaintiff the sum of $1,250.

The sixth issue was as follows: The defendants affirm and plaintiff denies that the defendant Daniel Donovan, by acts of violence forced defendant Josephine Donovan to sign and acknowledge said deed of trust and that she was unwilling so to do and refused to do so until she was forced to do so, as aforesaid, by the defendant Daniel Donovan.

The jury found on issue number three that the engine and thresher sold at said private sale for the sum of $1,176, and on the sixth issue for defendants.

The court then found that at the alleged sale of the land

by the sheriff of Marion county as trustee, plaintiff was not a bidder for the land, and that no bid therefor was made by any one, and rendered judgment in favor of plaintiff against Daniel Donovan for the sum of $1,075.50 and rendered a decree setting aside the deed of trust as to Mrs. Donovan, and foreclosing it as a mortgage as to Daniel Donovan and directing a sale of his interest in the property to pay the judgment.

After unsuccessful motion for a new trial, plaintiff appeals.

Plaintiff showed title to the property from defendants under deed of trust executed by them, and deed from the trustee therein named, and was entitled to judgment for its possession unless the case made out by it, was overcome by the evidence on the part of defendants. The evidence adduced by defendants to sustain the fifth issue was to the effect that plaintiff had offered $500 by letter to the trustee before the day of sale of the property under the deed of trust which was accepted by him at the sale which the court held not to be a bid, and to sustain the sixth issue the evidence tended to show that Mrs. Donovan was induced to sign the deed of trust against her will by threats of violence and intimidation by her husband.

On the issues submitted the plaintiff asked the following instructions which were refused.

"If the jury find from the evidence that the defendant, Josephine Donovan, acknowledged the deed of trust of date of June 29, 1886, read in evidence, to be her free act and deed, the jury should find for plaintiff on issue number six, although the jury may further believe from the evidence that her husband Daniel Donovan coerced her, the said Josephine Donovan, into the signing and acknowledgment of said deed of trust.

"If the jury find from the evidence that the defendant Josephine Donovan acknowledged before Mathew Fletcher, a justice of the peace for Marion county, that she executed

the said deed of trust of date of June 29, 1886, read in evidence, they should find for plaintiff on issue number six."

Over the objection of plaintiff the court at the instance of defendants instructed the jury as follows:

"3.    The finding on the sixth issue should be for the plaintiff, unless the jury find from the evidence in the cause that the defendant Josephine Donovan at the time of the execution of the said deed of trust was unwilling to execute said deed of trust, and was by threats of violence on the part of Daniel Donovan, forced to execute the same, and that she would not have executed the same had it not been for said threats of violence."

To the action of the court in refusing the instructions asked by plaintiff and in giving instruction number 3 on the part of defendants plaintiff duly saved exceptions.

The first point for consideration is with respect to the action of the court in overruling plaintiff's motion to strike out the parts of defendants' amended answer before indicated. It seems unnecessary to say more upon this question than that plaintiff by pleading over, by way of reply to that part of the answer against which the motion was leveled, waived any right that it had to have the ruling of the court upon that motion reviewed by this court. [Walser v. Wear, 141 Mo. 443; Williams v. Railroad, 112 Mo. 463; Ely v. Porter, 58 Mo. 158; Gale v. Foss, 47 Mo. 276; Scovill v. Glasner, 79 Mo. 449; Coffman v. Walton, 50 Mo. App. 404.]

The court held the sale of the property to plaintiff by the acting trustee under the deed of trust to be void upon the ground that no bid was actually made by it for the property. The evidence showed that the agent of the company after the property was advertised for sale under the deed of trust, wrote to the trustee directing him to enter a bid for the company on the property of $500, which he did, and cried the bid, and there being no other bidder it was knocked off and sold to plaintiff, and a deed made to the company therefor reciting

the bid and the payment of the purchase money, which was paid by crediting the amount, less costs which plaintiff thereafter paid in cash, upon one of defendant's notes that the deed of trust was given to secure, which he then had in his possession.    To say this was not a "bid" would be giving to that word a restricted meaning which we think unwarranted and out of harmony with all precedents.    Suppose plaintiff had before the sale deposited with the trustee $500 in money, as a bid upon the property, and at the sale he had cried the bid, and there being none higher, the property had been knocked off and sold to the company, could any one say there was no bid?    In the case at bar instead of the money being placed with the trustee the amount of the bid was credited upon a note, the payment of which the deed of trust under which the property was sold was given to secure.    There is no difference in principle.    Defendants received the benefit of the bid, were in no way injured thereby, and the ground upon which the sale is challenged is extremely technical.

There was no error in refusing the instructions asked by plaintiff on the sixth issue submitted to the jury, because too narrow, but error was committed in giving the instruction asked by defendants on the same issue for like reason.    So with respect to the allegation in the answer under which that issue was framed; it does not go far enough to constitute a defense to plaintiff's cause of action, in that it does not allege that plaintiff was a party to, or that it had knowledge that Mrs. Donovan was forced to sign and acknowledge the deed of trust by reason of threats and violence of her husband, even if it was true.    In order that such defense might be available to her she should have alleged that plaintiff was a party thereto, or had knowledge thereof.    But the answer does not so allege, besides it admits that defendants signed and acknowledged the deed of trust.

The certificate of acknowledgment is in accordance with the statute, and nothing stated therein by the justice of the

peace who took it is controverted by defendants, except that it is alleged by them that it is not true 'that Mrs. Josephine Donovan executed the same as her free act and deed, but that she was forced to do so by threats, and intimidation by her husband.

While the great weight of authority is to the contrary, except in cases of forgery, it has been held in this State through a long line of decisions that a married woman may by parol evidence contradict the certificate of an officer to an acknowledgment to a deed conveying her real estate. [Wannell v. Kem, 57 Mo. 480; Sharpe v. McPike, 62 Mo. 300; Steffen v. Bauer, 70 Mo. 399; Clark v. Edwards, 75 Mo. 87; Belo v. Mayes, 79 Mo. 67; Drew v. Arnold, 85 Mo. 128; Webb. v. Webb, 87 Mo. 540; Mays v. Pryce, 95 Mo. 603; Pierce v. Georger, 103 Mo. 540; Comings v. Leedy, 114 Mo. 454.] And this seems to be the rule even as against an innocent purchaser. [Wannell v. Kem, *supra.*] But each of the cases cited except Sharpe v. McPike, turned upon the untruthfulness of the certificate with respect to matters within the personal knowledge of the officer making it, which it was his duty by law to know, while in the case in hand he had the right to rely upon the statement of Mrs. Donovan herself, with respect to a matter of which he was not presumed to have personal knowledge, that is, whether or not it was true as stated by her that she signed and acknowledged the deed of trust of her own free will. It is not pretended that plaintiff was in any way connected with or had anything whatever to do with forcing Mrs. Donovan to sign and acknowledge the deed of trust, or that plaintiff had any notice thereof at the time.

The justice was not guilty of any wrongdoing; his certificate is in strict compliance with the statute, the only way in which a married woman can convey her land. But by statements which Mrs. Donovan now says were untrue, she induced him to certify to matters which were false. It does

seem to us upon every principle of justice and right, in the absence of fraud participated in or brought home to the knowledge of plaintiff she should not now be permitted to contradict the certificate by parol evidence.

No case in this State in so far as we are advised has ever gone so far as to rule otherwise. The nearest approach to it is Sharpe v. McPike, *supra,* which was a bill in equity to relieve the separate estate of the plaintiff, wife of one of the defendants, from the incumbrance of a mortgage executed by herself and her husband. The grounds upon which the relief was sought, were, that the deed was executed by the plaintiff under duress, and through fraudulent practices, and by undue influence of the husband, who was also trustee, to which the other defendants were parties. It was held in that case that the certificate of the notary who took the acknowledgment to the mortgage was only *prima facie* evidence of its recitals and might be contradicted. But in that case the parties to the suit all participated in obtaining the mortgage from the plaintiff through fraud, and in that respect that case is distinguishable from the one in hand.

In Paxton v. Marshall, 18 Fed. Rep. 361, a wife signed a deed of trust, which was acknowledged before the proper officer and recorded in the proper office. It was held that she could not as against a person who, in good faith, loaned money upon her title, claim that her husband deceived her as to the identity of the land named in the deed of trust which she signed, and thereby defeat the apparent title to the lot. And that as between a person who, in good faith, loans money upon such title and the wife, the latter should be the one to suffer in consequence of the wrongful act of her husband.

In Johnston v. Wallace, 53 Miss. 331, it is said: "When a married woman appears before an officer to acknowledge her deed, it is made by law his duty to inquire of her separately and apart from her husband as to her freedom from fear, threats or compulsion of her husband in the execution of the

deed; and it is his duty to decide upon this, and to certify the acknowledgment. His decision thus made and duly certified imports verity as to all persons acting on the faith of his official certificate in due form of law, and without any knowledge of any wrong or irregularity or of any circumstance to excite inquiry and point to such wrong or irregularity. The appearance of the person before him to acknowledge is the occasion for the performance of his duty by the officer; the proposal to acknowledge the deed before him is the circumstance which calls into exercise the legal power to examine as to the execution of the deed, and to decide the sufficiency of the statement made as to that; and then, in certifying, he is declaring his conclusion upon the fact he is called to decide. His official act thus solemnly performed must have sanctity, at least to the extent of being a safe reliance for every one who in good faith acts in the belief that it is true as stated."

The same rule is announced in Pennsylvania. Withers v. Baird, 7 Watts, 227; Jamison v. Jamison, 3 Whart. 456; Barnet v. Barnet, 15 S. & R. 72; Schrader v. Decker, 9 Pa. St. 14; Louden v. Blythe, 27 Pa. St. 22; Michener v. Cavender, 38 Pa. St. 334; Hall v. Patterson, 51 Pa. St. 289; in Texas, in Hartley v. Frosh, 6 Tex. 208; in Ohio in Baldwin v. Snowden, 11 Ohio St. 203; and in Maryland in Bissett v. Bissett, 1 Harris & McHenry, 211; Ridgely v. Howard, 3 Harris & McHenry, 301.

In Louden v. Blythe, 16 Pa. St. 541, it is said: "A regard to the policy of the law, for the security of titles and the protection of the rights of property which are passed by conveyances and assurances of which these acknowledgments and certificates are a common part, will restrain this court from allowing such acknowledgments to be impeached by parol evidence, contradicting the facts certified, in the absence of fraud and imposition; and where there are fraud and imposition alleged, the knowledge of it ought to be brought home to

the grantee, or of such circumstances within his knowledge of the want of free will and consent on the part of the wife, as should lead him to inform himself of the reality of a free execution and acknowledgment by the wife whose property was to be divested. Where the grantee has knowledge of facts to put him on that inquiry, if silent and inactive on the subject, it is at his peril, and he must abide the consequences."

See, also, Graham v. Anderson, 42 Ill. 514; Meyer v. Gossett, 38 Ark. 377; Young v. Duvall, 109 U. S. 573; Downing v. Blair, 75 Ala. 216.

Moreover extraneous evidence to overcome the certificate of acknowledgment must be strong and convincing, and must satisfy the mind of the court with reasonable certainty that Mrs. Donovan did not sign and acknowledge the deed as her free act and deed, but that she was forced to do so by threats or violence of her husband.

A bare weight or preponderance of the evidence will not do. [Comings v. Leedy, *supra;* Biggers v. St. Louis House Building Co., 9 Mo. App. 210; Hughes & Co. v. Coleman, 10 Bush. 246.]

While the petition is in ejectment, and under it plaintiff is entitled to no relief if not to the possession of the property sued for, the court rendered judgment in plaintiff's favor against defendant Daniel Donovan for $1,073.50; decreed that the deed of trust as to him be foreclosed; that his right, title and interest in the land be sold and that the proceeds of the sale after the payment of costs, etc., be applied to the payment of the said indebtedness.

If there is anything in the record upon which to predicate this judgment or any theory upon which it can be permitted to stand, we are at a loss to know where it is or what it is.

It is a judgment for which plaintiff does not ask or want, unauthorized by the pleadings in the case and manifestly erroneous.

For these considerations we reverse the judgment and remand the cause. GANTT, P. J., and SHERWOOD, J., concur.