EMMA DURHAM, Appellant, v. CITY OF BOLIVAR, Respondent.

Kansas City Court of Appeals, May 30, 1904.

1. **PLEADING: Contributory Negligence: Sufficiency of.** An answer by a city to an action for the defective condition of its streets pleading contributory negligence in the manner in which plaintiff was walking and that she was not careful, prudent and watchful in walking over sidewalk is sufficiently specific, and if not it was waived by the plaintiff's replicaton.

2. ———: **Negligence: General Allegation.** A general allegation of negligence is good pleading as stated by the text-writers and as ruled in this State in a number of cases, though apparently qualified indirectly by some other cases.

3. **APPELLATE PRACTICE: Conflicting Evidence: Weighing Testimony.** To interfere with the verdict where the testimony is conflicting would make a precedent of far-reaching consequences.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) An answer pleading contributory negligence must set up the facts that it is claimed to constitute such negligence. Harrison v. Railroad, 74 Mo. 369; Gurley v. Railroad, 93 Mo. 450; Waldhier v. Railroad, 71 Mo. 516; Schlereth v. Railroad, 96 Mo. 514; Wills v. Railroad, 44 Mo. App. 53. (2) Contributory negligence is an affirmative defense and must be pleaded. Thompson v. Railroad, 51 Mo. 190; Loyd v. Railroad, 53 Mo. 509; Stephens v. Macon, 83 Mo. 345; Petty v. Railroad, 88 Mo. 321. (3) The court should not have submitted the

question of contributory negligence to the jury. Williams v. Hannibal, 94 Mo. App. 551. (4) In this case the evidence is all one way and the court should have set aside the verdict.

C. H. *Skinker* and O. O. *Askren* for respondent.

(1) Negligence is not a term given by the law to a certain act, but forms part of the act from which an injury may have arisen. The negligence is the ultimate fact to be proven, and it is sufficient to plead that one negligently drove his carriage against that of another —that he negligently struck, or that he negligently walked, etc. Bliss on Code Pleading (1 Ed.), sec. 211; Shuler v. Railway, 87 Mo. App. 618; Senate v. Railway, 57 Mo. App. 223; Ravencraft v. Railway, 27 Mo. App. 622; Pope v. Railway, 99 Mo. 400. (2) But even if defendant's answer was not sufficiently definite, the plaintiff by pleading over, by way of reply, waived any right that she had to have the ruling of the court upon the motion to strike out reviewed. Springfield E. & T. Co. v. Donovan, 147 Mo. 628; Barkley v. Cemetery Assn., 153 Mo. 300; Walser v. Wear, 141 Mo. 443. (3) As the contributory negligence was brought out by the plaintiff's own case it was proper to submit it to the jury even if it had not been pleaded. Brick Co. v. Railway, 21 Mo. App. 656; Warmington v. Railway, 46 Mo. App. 159. (4) Where a plaintiff's case depends entirely upon the testimony of witnesses, no matter how strong the testimony may be, nor that it stands uncontradicted, if it fails to satisfy or convince the jury, then plaintiff has failed to establish his case; and if the verdict is approved by the trial court it is conclusive upon the parties, and an appellate court can not say "the jury should have believed the witnesses," or "the jury ought to have been convinced by such and such testimony." Gannon v. Gas Co., 145 Mo. 517; Seehorn v. Bank, 148 Mo. 265; Bank v. Hainline, 67 Mo. App. 489; Temple v. Railway, 83 Mo. App. 64. Mere user by the

public will not establish a street nor impose upon the city a duty to keep it in repair. Downend v. Kansas City, 156 Mo. 60.

ELLISON, J.—This action is for personal injury alleged to have been received by plaintiff falling on a sidewalk in one of defendant's streets. The verdict and judgment in the trial court was for the defendant and plaintiff in due time perfected her appeal.

The answer set up in general words that plaintiff was guilty of contributory negligence. The plaintiff, conceiving that the act or acts of negligence should be stated, filed her motion asking that the answer be made more specific. The court sustained the motion and thereupon defendant filed an amended answer, stating that plaintiff's negligence consisted in the manner in which she was walking and that she was not careful, prudent or watchful in her walking over the sidewalk. Plaintiff still objected to the answer, in that it was not yet sufficiently specific. The objection was not well taken, though if it had been, it would have been waived as plaintiff filed her replication and went to trial on the answer. Springfield Engine Co. v. Donovan, 147 Mo. 628; Walser v. Wear, 141 Mo. 443; Barkley v. Cemetery Co., 153 Mo. 300; Shuler v. Railway, 87 Mo. App. 618.

A general allegation of negligence is stated to be good pleading by text-writers; and it has been so ruled in a number of cases in this State. Schneider v. Railway, 75 Mo. 295; Goodwin v. Railway, 75 Mo. 76; Mack v. Railway, 77 Mo. 232; LeMay v. Railway, 105 Mo. 361. Though some indirect or negative qualification may be thought to be given to those cases by those of Foster v. Railway, 115 Mo. 165, 177 and Conrad v. Montcourt, 138 Mo. 311, 325. See Johnson v. Railway (decided this term).

Every instruction was given as asked by defendant and no objection to evidence is now made, so that we are

left to consider whether there was any substantial evidence to sustain the verdict.

In going over the testimony presented we find that, while there was evidence strongly tending to make the case as stated by plaintiff in her petition, yet there was other evidence which, if believed by the jury, tended to show that it was plaintiff's own fault to stumble and fall over a defect so apparent to even casual observation. To assert the power and authority to set aside this verdict after its approval by the trial court would make a precedent of far-reaching consequence.

Again, considering the nature and character of the place where plaintiff alleges her injury occurred, the jury had the right as triers of the fact to reject her theory, although testified to by her. The verdict should be sustained under the view stated in Bank v. Hainline, 67 Mo. App. 483.

The judgment is affirmed. All concur.